RAYMOND AND OTHERS *against* BEARNARD.

Where a special agreement subsists in full force, the plaintiff cannot recover under the money counts.
But if the agreement has been rescinded by the defendant, the plaintiff may, under a count for money had, &c. recover back money paid by him on account of the agreement.
So, where part of the purchase money of goods which the plaintiff had agreed to call for, and take within a certain time, was paid in advance, and the plaintiff did not call within the time, but some time after the expiration of it, demanded the goods, and the defendant refused to deliver them, the plaintiff is entitled to recover back the money paid in advance.
And a demand of the money, before bringing the action, is unnecessary.
Nor will a tender of it extinguish the right, but will only preclude a claim of interest.

IN ERROR, on a bill of exceptions, to the court of common pleas of *Orange County*.

*Bearnard*, the plaintiff below, brought an action of *assumpsit* against *Raymond* and others, the defendants below, who were partners in trade, carrying on business under the firm of *Raymond & Barney*, for the non-delivery of twelve barrels of whiskey, sold by them to *Bearnard.* The declaration contained three counts.

The first count stated, that on the 7th of *September*, 1813, the plaintiff, at the special instance and request of the defendants, bargained with the defendants for, and the defendants sold to the plaintiff, a large quantity, to wit, twelve barrels of whiskey, at the rate of twenty-two dollars a barrel, to be delivered to the plaintiff at the store of the defendants, within a reasonable time thereafter; and the residue of the money that might be due therefor, to be paid on the delivery of the whiskey; and that in consideration thereof, and that the plaintiff, at the like special instance and request, had paid to them one hundred dollars, part of the consideration money, and had promised to receive the whiskey, and pay the residue of the money due for the same, they, the defendants, undertook to deliver the same: and that although the plaintiff, within a reasonable time thereafter, to wit, within the time of ten weeks thereafter, at the store of the defendants, did demand the delivery of the whiskey, and was then and there ready and willing to pay the residue of the money, and offered so to do, and hath always been ready to receive and pay for the same; yet, that the defendants, not regarding, &c.

The second count stated the sale of the whiskey, as in the first count, to be delivered when the plaintiff could conveniently procure teams for the transportation thereof, which the plaintiff stated to be, when the farmers would be done ploughing; and although the plaintiff, when the farmers were done ploughing, as soon as he could conveniently procure teams for the transportation of the whiskey, to wit, on the tenth day

of *November*, in the year aforesaid, at the store of the defend-
ants, did demand, &c.

The third count was for money had and received.

The defendants pleaded the general issue : and it was proved
by two witnesses for the plaintiff, at the trial, that at the time
the whiskey was sold, to wit, the 7th of *September*, it was agreed
that the plaintiff should call for it, at the store of the defendants,
within one month; but that the plaintiff, as was stated by one of
the witnesses, objecting to the time, the defendants consented to
enlarge it to five or six days, to which the plaintiff said that he
would take it away if he could ; and that the plaintiff then ad-
vanced one hundred dollars in part payment ; the other witness
stated, that the agreement was to pay the residue of the money,
and take away the whiskey, within one month, or thereabouts.
It was further proved, that about three months thereafter, as
one witness said, or on the 10th of *November*, as the other
stated, the plaintiff came to the store of the defendants, and de-
manded the delivery of the whiskey, and tendered the residue of
the purchase money ; but that the defendants refused to deliver
it, alleging that the plaintiff had violated his contract by not
calling in time, and that they had sold the whiskey, and thereup-
on tendered, and offered to pay, the plaintiff the sum of one hun-
dred dollars.

Upon this evidence, the counsel for the defendants contend-
ed, that the plaintiff was entitled to recover, neither on the spe-
cial counts, nor on the count for money had and received ; but
the court charged the jury, that, although the contract was not
proved as laid, yet the plaintiff was entitled to recover the one
hundred dollars, under the money count ; and the jury found a
verdict accordingly.

A bill of exceptions was tendered by the defendants' counsel,
to the opinion of the court below, which was now submitted to
this court without argument.

*Per Curiam.*   This case comes before the court on a writ of
error, to the common pleas of *Orange County ;* and the errors
complained of arise out of a bill of exceptions tendered at the
trial.   The declaration contains several counts on a special con-
tract, and also the common money counts.   Upon the trial, the
plaintiff below failed, in the opinion of the court, in support-
ing the special contract, but they allowed him to recover back
the money advanced at the time the contract was made.   The

ALBANY,
August, 1815.

ground upon which the plaintiff failed in recovering on the special contract, was, that he did not call for the delivery of the whiskey within the time limited by the contract; and when he did call, and demand the same, the defendants refused to deliver it, because the demand was not made in season. Thus, the defendants, by their own act, defeated a performance of the contract. There is, therefore, no special agreement subsisting between the parties; but the same has been put an end to by the election of the defendants. If the special agreement was still in force, the plaintiff could not resort to the general counts. But the defendants themselves refusing to carry into effect the contract, they ought not to be permitted to set it up as the pretext for holding the money advanced. If the contract is rescinded in part, it must be in toto; and the plaintiff's right to recover back the money paid, is undeniable. (1 *Term Rep.* 133. 1 *Bos. & Pull. N. S.* 354. 5 *Johns. Rep.* 87. 7 *Johns. Rep.* 132.) No demand of the money was necessary, before bringing the action; nor did the tender set up extinguish the demand; the only effect of such tender is to preclude any claim for interest. The judgment of the court below must accordingly be affirmed.

*Judgment affirmed.*