## CLARK *against* SMITH.

Where a special contract is still subsisting unrescinded, the remedy of the party must be up on the contract; and he cannot recover under the common counts a compensation for the work and labour which he performed under the special agreement.

IN ERROR to the court of common pleas, of the county of *Cayuga.* The defendant in error brought an action of *assumpsit,* in the court below, against the plaintiff in error, and declared for work and labour, and on a special agreement, by which he undertook to take charge of the brick yard of the defendant below, the plaintiff in error, and to make a certain quantity of bricks, for which he was to receive from the defendant below 80 dollars. The agreement, as set forth in the declaration, contained a variety of stipulations which it is unnecessary to repeat.

At the trial of the cause, in the *January* term, 1815, of the court below, the plaintiff's counsel called witnesses to prove the loss of the written contract, and, in the opinion of the court, failed to prove that fact satisfactorily. The count on the special contract was then abandoned, and in support of the common counts a witness was called, who testified that the plaintiff had worked in the brick yard of the defendant ; but on being asked by the counsel for the defendant, if there was not a written contract between the parties, under which the defendant worked, he answered in the affirmative. It was then insisted, on the part of the defendant, that the plaintiff ought not to be permitted to give evidence of work and labour under the common counts, when it appeared that it had been done under a written contract, which ought to be produced as the better evidence. The court, however, determined, that the plaintiff was entitled to go into evidence of work and labour, under the common count, equally as if no special count had been laid in the declaration. The defendant excepted to the opinion of the court, and the bill of exceptions was removed into this court by writ of error, and submitted to the court, with reference to the authorities, without argument.

*Per Curiam.* The question in this case arises upon a bill of exceptions duly taken to the decision of the court below. The declaration in the cause contained the common counts for work,

labour, and services, and a count upon a special agreement in relation to the same services. On the trial, the plaintiffs below did not produce the special agreement, but attempted to show it was lost, and failing to prove the loss of the agreement, the court permitted him to go into evidence under the general counts. This was not admissible; there was no pretence, on the part of the plaintiff, that the special contract was rescinded, or that the same was still subsisting and in full force; nor but that the work and services performed, were done under, and in pursuance of, the written contract. To allow the plaintiff under such circumstances to abandon the written contract, would be establishing a dangerous principle, by enabling a party, at any time, by his own act to put an end to his contract when he was dissatisfied with it. No case has ever gone this length. Wherever the special contract is still subsisting, and no act done or omitted by the one party which will authorize the other to consider the contract rescinded, the remedy must be on the special contract; and this principle will be found to run through all the cases on this subject. (7 *Johns. Rep.* 172. 10 *Johns. Rep.* 36. 12 *Johns. Rep.* 274. 13 *Johns. Rep.* 94.) The judgment of the court below must, therefore, be reversed.

Judgment reversed.