## ROBERTSON *against* LYNCH.

THIS was an action of *assumpsit*, tried at the *Oneida*
circuit, in *June* last.  The declaration contained two special
counts.  The first count charged, that the defendant, on the
first day of *February*, 1818, in consideration, that the plain-
tiff had delivered to him, fifteen bags of wool, of the value
of 1,070 dollars and 92 cents, to be manufactured into sat-
tinets, for a certain reward to be paid to him, promised that
he would cause the said wool to be manufactured into satti-
nets for the plaintiff, early in the next spring after the deli-
very of the said wool, or as soon after as the same could be
manufactured by the defendant, or his agents, &c. or when
the defendant should be thereto, afterwards, requested, &c.
The plaintiff averred, that the sattinets were manufactured
by the defendant, and demanded by the plaintiff, who offer-
ed to pay the charges for manufacturing them, but the de-
fendant refused, &c. and converted the same to his own use.
The second count charged, that the defendant, on the first
of *February*, 1818, in consideration that the plaintiff had de-
livered to the defendant a quantity of wool of the value of
1,070 dollars and 92 cents, to be manufactured into satti-
nets, for a certain reward, undertook, and promised to ma-
nufacture the said wool, and deliver the sattinets to the

*Where there
is a count on a
special agree-
ment, and a
general count
for goods sold
and delivered,
the plaintiff
may, if he fails
to prove the
special agree-
ment, abandon
the special
count, and re-
sort to the ge-
neral count;
but this cannot
be done, if the
goods were, in
fact, sold under
the special a-
greement, and
the plaintiff
might, if he had
framed the spe-
cial count pro-
perly, have re-
covered upon it.
⸙ Where the
contract stated
in the declara-
ration is on a
past considera-
tion for the de-
livery of goods,
without men-
tioning the
place of deli-
very, and in the
alternative as
to the time; and
the contract
proved, was on*
an *executory* consideration, to deliver goods at a particular time and place mentioned, the *variance*
was held fatal, and the verdict was set aside.

It *seems*, that a clerk, who has sent goods, and made the entries in the plaintiff's book, may be al-
lowed to refresh his memory, as to the quantity and quality of the goods, from an extract made by
him from the original entries.

It *seems*, that a copy of a letter which the witness swore was a true copy of the original copy in
the plaintiff's letter book, made by him at the time, from the original letter put by him in the post
office, is admissible, after notice had been given to the defendant to produce the original letter.

ALBANY,
January, 1821.

ROBERTSON
v.
LYNCH.

plaintiff early the next spring, or when the defendant should be thereto, afterwards, requested, and to render to the plaintiff a reasonable and just account thereof, when requested ; but, although, &c. the defendant has not manufactured the wool, but refuses so to do, or to account for the same, &c. The declaration contained, also, the general counts for goods sold and delivered, and the common money counts.    The defendant pleaded *non assumpsit.*

At the trial, the plaintiff gave in evidence a letter to him from the defendant, dated the 15th of *November,* 1817, offering to manufacture sattinets at sixty-three cents per yard, if the plaintiff would furnish the wool for that purpose ; the wool to be delivered to the defendant in *New-York,* and the sattinets to be delivered to the plaintiff in *New-York ;* also, a letter from the defendant to the plaintiff, dated the 7th of *December,* 1817, in which the defendant says, " if you should conclude to send some wool this fall, you may rely on having justice done you, and the goods shall be delivered early in the spring."    A clerk of the plaintiff proved, that the plaintiff, in consequence of the defendant's letter of the 15th of *November,* sent him, in *December,* 1817, 2,047 1-4 lbs. of wool of various qualities.

The evidence, as stated in the case, went to show, that the wool was delivered to the defendant pursuant to that special agreement.    And the account of the plaintiff's claim exhibited to the jury, showed, that he relied on the special contract, as stated in the defendant's letters of the 15th of *November,* and the 7th of *December,* 1817.    The principal objection, at the trial, on the part of the defendant, was that the contract proved, *varied* from the contract declared on, and that the plaintiff could not, therefore, recover ; but the judge overruled the objection.

The defendant, also, objected to the testimony of the plaintiff's clerk, who was permitted to swear to the exact quantity of wool delivered, and the various qualities of it, by referring to an extract from the plaintiff's day book of entries, made by himself, at the time of delivery.    He said, that he perfectly recollected the fact of the delivery of the wool, in consequence of the defendant's letters, and of his making the original entry thereof in the plaintiff's day-

book, but that he could not state the precise quantity, nor the different qualities, without refreshing his memory, by referring to a copy of the entries which he had made. The defendant, also, objected to the copy of a letter from the plaintiff to the defendant. The clerk testified, that he had copied the original letter into the plaintiff's letter book, and then put it into the post office, and that the copy then offered was a true copy made by him from the copy in the letter book. The judge allowed the copy to be read in evidence, after notice given to the defendant to produce the original. There was, also, an objection to the allowance of interest. The jury found a verdict for the plaintiff, for 1,128 dollars and 20 cents.

A motion was made to set aside the verdict, and for a new trial.

*J. Lynch*, the defendant, contended, 1. That the clerk of the plaintiff should not. have been allowed to refer to his extract, or copy from the plaintiff's day-book, to refresh his memory, but that the original book of entries should have been produced. (3 *Term Rep.* 752. 754.)

2. That the copy of a copy of an original letter in the plaintiff's letter book, was not evidence. In *Liebman* v. *Pooley*, (1 *Starkie's N. P. Rep.* 169.) after notice to produce an original letter, Lord *Ellenborough* said, that parol evidence of its contents might be given, but he decided that the contents would not be proved by a copy of the original copy.

3. There was a material variance between the contract proved, and the contract set forth in the declaration. Where the plaintiff counts on a special contract, he is strictly confined in his proof to the one stated. The only contract shown, is that contained in the letters of the 15th of *November*, and the 7th of *December*, 1817. The contract in the declaration is, that the defendant, in consideration that the plaintiff *had delivered* to him a quantity of wool, &c. promised, &c. (*Doug.* 668. 2 *East*, 4. n. 4 *Term Rep.* 560. 8 *East*, 188. 1 *Campb. N. P. Rep.* 175. 8 *Johns. Rep.* 253.)

4. The judge was incorrect in directing the jury to take the price of sattinets in *New-York*, in the spring of 1818, as a measure of damages, and to add the interest from that time.

*Davis* and *E. Clark*, contra, 1. In *Doe* v. *Perkins*, (3 *Term Rep.* 752. 754.) *Buller*, J. mentioned the case of *Farmer* v. *Taylor*, where the witness who proved the delivery, took it from an account, which he said was a copy from the day-book, and the judge decided, that if the witness would swear positively to the delivery, from recollection, and that the paper was only to refresh his memory, he might make use of it. Here the witness swore positively to the delivery ; but said that without the aid of the memorandum, he could not testify as to the quantity or quality. In the case of *Jacob* v. *Lindsay*, (1 *East*, 460.) where a witness, who did not make the entries, testified, that on having the articles called over from the book, the defendant admitted them to be correct, he was allowed, at the trial, to refresh his memory, by referring to the particular items in the book.

2. As to the copy of the letter, this case differs from the one cited from *Starkie's Reports* ; here the witness himself made the copy from the original letter.

3. As to the alleged variance between the contract stated in the declaration and the proof. The rule is, that if the plaintiff prove a special agreement, and the work done, but not pursuant to such agreement, he may recover on the *quantum meruit*, for otherwise, he would not be able to recover at all. (*Buller's N. P.* 139.) Here the plaintiff proved the delivery of the wool, and its quantity and price. In *Tuttle* v. *Mayo*, (7 *Johns. Rep.* 132.) the Court say, that if the plaintiff fails altogether in his proof of the special agreement declared on, and the case is such, that supposing there had been no special agreement, he might still recover, the evidence may be applied to support the recovery on the general count. The same principle was fully recognized in *Leningdale* v. *Livingston*, (10 *Johns. Rep.* 36.   4 *Bos. & Pull.* 351.   *Doug.* 651.   5 *Mass. Rep.* 391.) If the counts are all good, and entire damages are assessed, the verdict will be supported. (*Tidd's Pr.* 801, 802.)

4. In trover, the jury may allow *interest* from the time of the conversion. (2 *Johns. Rep.* 280.) If an account is sent by a creditor to his debtor, and he makes no objection to it, interest is allowable, as the demand is thereby liquidated. (Per *Spencer, J. Liotard* v. *Graves*, 3 *Caines Rep.* 234.)

*Talcot*, in reply, said, 1. That where a witness will not swear positively, unless he refers to a written paper, he cannot refer to it. (*Phillips' Ev.* 209.) If, after he has refreshed his memory, he will not swear positively, his evidence must be rejected. The copy of the original copy of the letter, ought not to have been received, for the letter-book containing the first copy, being in the possession of the plaintiff, he ought to have produced it.

2. The variance, in this case, is between a *past* consideration and an executory consideration, which is material, for a past consideration may be traversed, but an executory one cannot. Again ; the contract, as set out in the declaration, is in the alternative, and no *place* of delivery was shown. The plaintiff cannot recover for wool sold and delivered, *quantum valebat*, for there is no evidence of what it was worth ; nor can he recover for sattinets sold and delivered, for, if he rescinds the contract, it must be rescinded *in toto*.

*Per Curiam.* On comparing the *special counts* with the contract, as proved, we think that the objection as to *variance* was well founded. The only proof of the terms of the contract is to be found in the letters of the defendant of the 15th of *November*, and 7th of *December*, 1817, in which he offers to manufacture the plaintiff's wool into sattinets, for 63 cents per yard, and to deliver the sattinets to the plaintiff in *New-York*, early the next spring ; and it appears that in consequence of those letters, the plaintiff sent the wool to the defendant in *December*, 1817 ; thereby signifying, that he acceeded to the defendant's offer. The question then is, whether the proposed agreement stated in those letters, corresponds with either of the counts. The special counts both charge, that in consideration that the plaintiff *had delivered*

ALBANY,
January, 1821.

ROBERTSON
v.
LYNCH.

wool to the defendant, the defendant promised to manufac-
ture it.    The contract proved is, that if the *plaintiff would
thereafter deliver wool* at *New-York*, the defendant would
manufacture it, &c.

The first count states a contract to manufacture the wool,
and to deliver the sattinets to the plaintiff " *early the next
spring, or as soon after as the same could be manufactured,
or when he, the defendant, should be thereto afterwards re-
quested,*" without specifying *where* they were to be deliver-
ed.    The contract proved, was to deliver the sattinets to the
plaintiff " *early the next spring,*" *at the city of New-York.*
The second count also charges, that the defendant engaged
to deliver the sattinets to the plaintiff " *early the next spring,
or when thereto afterwards requested.*"    There appears to be
a variance as to the *time* and *place* of delivery of the satti-
nets ; and the counts charge an agreement to manufacture
wool which *had been delivered* before any contract was
made ; and the agreement proved, is to manufacture wool
which the plaintiff should *thereafter furnish.*    In all these
essential particulars, there is a variance, which ought to de-
feat a recovery on the special counts.    The whole case
clearly shows, that a special agreement did exist in regard
to manufacturing the wool for the plaintiff, who was to re-
ceive the avails, not in money, but in sattinets, upon paying
sixty-three cents per yard.    That agreement was partly ex-
ecuted, and had never been waived nor abandoned ; and
because the plaintiff has made a mistake in declaring ac-
cording to the *real contract*, there is no reason why he should
be permitted to resort to his general counts.    The whole evi-
dence entirely contradicts the idea of a general sale of the
wool to the defendant.    Where there is a count on a special
agreement, coupled with a general count for goods sold, the
plaintiff may, undoubtedly, abandon his special count, even
after he has attempted to prove it and failed ; and may then
resort to his general count.    But this can only be done where
the proof is *adapted* to the general count.    It can never be al-
lowed, where the goods were, in truth, delivered under a
special agreement, as in this case ; and, where the plaintiff
might, beyond all question, sustain a proper count on the
special agreement.    A contrary rule would enable the plain-

tiff, in every case, by his mere volition, to convert a spe-cial contract into a general *indebitatus assumpsit.)* The true measure of damages under the agreement, as proved, would be the value of the sattinets in the spring of 1818, and not the value of the wool when delivered in *December*, 1817.

This view of the case renders it unnecessary to consider the other questions which arose at the trial. We are inclined to think, however, that none of the other objections are well founded. But, on the ground of *variance*, we are of opinion, that there ought to be a new trial, with costs to abide the event.

New trial granted.