## MITCHELL *vs.* GILE.

Where goods have been delivered by one party, and the other party agrees to deliver other goods of a similar quality, on demand, the transaction is not a sale of the goods, but an agreement for an exchange.

The plaintiff permitted the defendant to take from his land a quantity of wood, and the defendant agreed to deliver as much wood to the plaintiff, of a similar quality, whenever the plaintiff should desire it. The plaintiff afterwards demanded the wood, but the defendant neglected to deliver it—*Held*, that assumpsit for the wood sold and delivered would not lie, but that the declaration should have been for a breach of the agreement to deliver the wood.

Where goods have been delivered under a special agreement, and a demand is necessary to maintain an action on account of such delivery, it does not follow of course that after a demand the defendant can consider the goods as sold, and recover their value in a count for goods sold, although in some cases such may be the effect of a demand and refusal to perform the agreement by the defendant.

ASSUMPSIT on an account annexed to the writ. One of the charges was for ten and one half cords of wood sold and delivered.

At the trial in the court of common pleas, it appeared that on the 28th day of November, 1837, the plaintiff had on his land a quantity of seasoned wood, of which the defendant wished to borrow a portion, in order to complete a boat load which he was about to send to market. The plaintiff gave him permission to take as much wood as he wished for that

purpose ; and as the defendant proposed to cut some wood in the spring from his land situated near the plaintiff's, it was agreed that the plaintiff should have of it as much as the defendant should take of the plaintiff's wood, and of a similar quality, at such time as the plaintiff should desire it.

In pursuance of this agreement, the defendant took ten and one half cords of the plaintiff's wood, and the plaintiff afterwards demanded of the defendant a like quantity, but he neglected to deliver it.

The defendant objected that this evidence did not support the declaration, and that to enable the plaintiff to recover he should have declared on the original contract.

The question arising upon these facts was submitted to this court for determination.

*Bowman & Porter*, for the plaintiff.

*S. D. Bell*, for the defendant.

GILCHRIST, J.   There is a class of cases where it is unnecessary to declare upon the special contract which the parties may have made.   Where one party agrees to do a certain thing, and the other party agrees to pay a sum of money, and the thing or duty is performed, but the other party refuses to pay the money, an action lies for the money, because a debt has accrued, and nothing remains to be done but to pay it.   There seems to be no reason in such a case why a general count should not be sufficient for the recovery of the money due.   The plaintiff's claim does not then sound in damages, but is for a definite sum.   Such is the principle recognized in the *Bank of Columbia* vs. *Patterson's Exrs.*, 7 *Cranch* 303 ; *Williams* vs. *Shannon*, 12 *Wend.* 109 ; *Jewell* vs. *Schroeppel*, 4 *Cowen* 564 ; *Felton* vs. *Dickinson*, 10 *Mass.* 287 ; *Sheldon* vs. *Cox*, 3 *B. & C.* 420, and in the cases generally, whenever the point is adverted to.

Mitchell *v.* Gile.

There is another class of cases, where the only remedy for the plaintiff is by an action on the special agreement, because it still remains open and unrescinded. In general, where goods are sold to be paid for wholly or in part by other goods, or by the defendant's labor, or otherwise than in money, the action must be on the agreement, and for a breach of it, and not for goods sold and delivered. And this is especially the case unless there be a sum of money due the plaintiff on the contract, and that part of it which is for something else than money has been performed by the defendant, so that there is nothing to be done which can be the subject of future litigation. In such case perhaps the plaintiff may declare that the defendant was indebted to him in a sum of money for goods sold and delivered to him in exchange. But in a case tried before Mr. Justice Buller, where the declaration was for goods sold and delivered, and the contract proved was, that the goods should be paid for partly in money and partly in buttons, the plaintiff was nonsuited, for not declaring on the special agreement. *Harris* vs. *Fowle*, cited in the case of *Barbe* vs. *Parker*, 1 *H. Bl.* 287. There is also an old case on this point in *Palmer's Reports* 364, *Briggs' case*, where one in possession of land promised to make a lease of it, and took a fine for the lease, after which, and before the lease was made, he was evicted from the land. It was held that debt did not lie to recover the money paid for the fine ; and the principle of the decision seems to have been, that the contract to make the lease being still subsisting, the plaintiff should have sued upon that contract. And the authorities are nearly uniform, that where goods are delivered on a special agreement, a mere failure to perform, by the defendant, does not rescind the agreement; but it is still executory and subsisting, and the remedy is by an action upon it. *Raymond* vs. *Bearnard*, 12 *Johns.* 274 ; *Jennings* vs. *Camp*, 13 *Johns.* 94 ; *Clark* vs. *Smith*, 14 *Johns.* 326 ; *Robertson* vs. *Lynch*, 18 *Johns.* 451 ; *Dubois* vs. *Del. & Hudson Canal Co.*, 4 *Wend.* 289 ; *Talver* vs. *West, Holt* 178. And

in *Weston* vs. *Downes, Dougl.* 23, the court expressly held, that if a contract be rescinded, an action for money had and received will lie for money paid under it; but if the contract be broken, this action will not lie, but an action for a breach of the contract must be brought. This principle is fully recognized in *Towers* vs. *Barrett,* 1 *T. R.* 133, and in *Davis* vs. *Street,* 1 *C. & P.* 18. Opposed to the general current, both of the English and American authorities on this point, are the intimations and the reasoning of Mr. Justice Cowen, in the case of *Clark* vs. *Fairfield,* 22 *Wend.* 522. He expresses the opinion that the cases will justify the position, that though the compensation for the goods, or other thing advanced, is to be rendered in services, or some other specific thing, if the party promising to render be in default, *indebitatus assumpsit* will lie for the price of the thing advanced. He admits that this position goes beyond any direct adjudication in England, although he thinks it may be maintained by the principle of many cases there, and that it is just that in such a case a general count should be maintained. He cites, with approbation, the case of *Way* vs. *Wakefield,* 7 *Vermont R.* 223, 228, where Mr. Justice Collamer says, that " whenever there are goods sold, work done, or money passed, whatever stipulations may have been made about the price, or mode, or time of payment, if the terms have transpired so that money has become due, the general count may be maintained." The action was for harness sold, to be paid for in lumber at a specified time. There being a default in payment, the court allowed the general count for harness sold. Mr. Justice Cowen admits that " the learned judge certainly did not cite any direct authority for thus applying the rule," and we are not aware that any authority exists for such an application of it. To the rule as above stated, there may, perhaps, be no objection. The question in cases of such a character always is, whether the money has become due; and if no more be meant than that a general count will lie, where a contract has been performed, and has resulted in an obliga-

tion to pay money, then we assent to the correctness of the position. Of the propriety of the application of the rule to the facts in the case of *Way* vs. *Wakefield,* we may be permitted, respectfully, to express a doubt. It is true that a general count may sometimes be maintained, where the goods were to be paid for by other goods. Of this character is the case of *Forsyth* vs. *Jervis,* 1 *Starkie's Reports* 437. The plaintiff sold the defendant a gun for forty-five guineas, and agreed to take of the defendant a gun, in part payment, at the price of thirty guineas. Lord Ellenborough held that as here was a sale of goods, to be paid for in part by other goods at a stipulated price, upon the refusal of the purchaser to pay for them in that mode a contract resulted to pay for them in money, and that the forty-five guineas might be recovered under a count for goods sold. This case has every characteristic of a sale. The plaintiff sold the gun for a specified price; the defendant agreed to give, in part payment, another gun for a stipulated price, and was bound either to deliver the gun or pay its price. As he refused to deliver the gun, a decision that he was indebted to the plaintiff for its price accords with the general tone of the authorities. In relation to the case of *Clark* vs. *Fairchild,* it is also to be remarked, that in the subsequent case of *Ladue* vs. *Seymour,* 24 *Wend.* 62, Mr. Justice Bronson says, that where there is a subsisting special contract between the parties in relation to the thing done, all the cases agree that the contract must control, and that the remedy is, in general, upon that, and not upon the common counts in assumpsit.

But apart from authority, and from technical reasoning depending upon authority for much of its force, it is proper that the form of the remedy should be adapted to the actual state of facts. In no other mode of declaring can the proper rule of damages be applied, where there has been a breach of a special contract. If goods are sold and delivered, the price, or value, at the time of the transaction, is the measure of damages, unless there be something showing a different in-

Mitchell *v.* Gile.

tention by the parties. The plaintiff is entitled to the value of the goods he has parted with, at the time, and to nothing more; nor can the defendant be compelled to pay more than the value at the time he received them. Both parties act with reference to the value at the time of the transaction. But where a party agrees, but neglects to deliver goods at a specified time, the damages for the non-fulfilment of such an agreement are to be calculated according to their value at the time they should have been delivered. If the articles have fallen in price, the defendant will be entitled to the benefit of such a change in the market; if they have risen, the increase in value will belong to the plaintiff. There is, therefore, a substantial reason why the rights of both parties can be better secured, by declaring specially upon a breach for the non-fulfilment of a contract to deliver goods, than by declaring upon the general count; and this reason probably has had its effect in causing the forms of the remedy to be kept distinct. *Leigh* vs. *Patterson*, 5 *Taunt.* 540; *Gainsford* vs. *Carroll*, 2 *B. & C.* 624; *Shaw* vs. *Nudd*, 8 *Pick.* 9.

If, where goods are sold to be paid for otherwise than in money, and the vendee neglects to perform, an action must be brought on the special agreement, there is a still stronger reason for adopting the same form of the remedy where the goods are not sold, but exchanged. In the former case, the goods are at least sold; and so far the evidence supports the declaration. But the latter case has no feature in common with a contract, necessary to support a count for goods sold and delivered. Now the transaction between these parties was, properly speaking, an agreement for an exchange of goods, and not for a sale. Blackstone says, 2 *Comm.* 446, " if it be a commutation of goods for goods, it is more properly an exchange; if it be a transferring of goods for money, it is called a sale." Here the defendant agreed to deliver to the plaintiff as much wood as he received of him. This agreement the defendant failed to perform. There is, then, a breach of the special agreement, and there is nothing else.

The injury sustained by the plaintiff is to be compensated by a recovery of damages for the breach. There is nothing in the case that shows a sale of the wood by either party to the other; nor can the transaction be considered a sale, without a disregard of all the authorities which distinguish actions sounding in damages for a breach of contracts, from actions to recover a definite sum as the purchase money for goods sold.

Nor is the case altered by the fact that no suit could be maintained without a demand. The wood was to be delivered to the plaintiff at such time as he should desire it. The plaintiff would have a right to the performance of the agreement whenever he should notify the defendant that he desired the wood. There could be no breach of the agreement by the defendant until after this notice; and a refusal to deliver was a breach, for which an action is maintainable. That a demand, in a given case, is necessary before a suit can be maintained on a special contract, by no means proves that the demand alters the form of the remedy to which the plaintiff is entitled. It might as well be said, that because an action on a special contract could not be maintained until a given period had elapsed, therefore the lapse of time altered the form of the remedy. Undoubtedly, a demand and refusal may, in some cases, have this effect, but the result does not necessarily follow because the demand must be made.

The opinion of the court is, that the plaintiff has misconceived his remedy, and that this action cannot be maintained.

*Plaintiff nonsuit.*