PRESCILLA WILKINSON,

EXECUTRIX OF GEORGE WILKINSON, DECEASED,

*vs.*

WILLIAM H. WILLIAMS.

AT LAW.  DECIDED JANUARY 10, 1850.

*Action of Debt.*

Where a party takes bank notes in payment for goods sold upon the understanding that he should return the notes to the purchaser if they turned out to be incurrent,

Held, that the seller could not maintain his action for the price of the goods, unless he return or offer to return the notes before action brought.  Unless it shall appear from the evidence, to the satisfaction of the jury, that the buyer of the goods knew that said notes were issued to defraud the public, and were worthless at the time the bargain was made, in which case the jury would be authorized to disregard the notes in payment and return the verdict for the price of the goods, as if no notes had been given.

JOHN MARBURY, Esq., for the plaintiff.

R. G. COXE and H. MAY, Esqs., for the defendant.

This action was brought by the plaintiff as executrix of the estate of George Wilkinson, deceased, for the price of a negro man, the slave of the deceased.  The deceased received $600 in notes of the Commercial Bank of Millington, State of Maryland, with the understanding that if the notes turned out not to be good that they could be returned and

the defendant would make them good. The notes were worthless and good for nothing; that the deceased offered to return the notes, and that the defendant refused to take back the said notes and make them good. That not regarding his promise, and undertaking, but contriving to injure and defraud the said plaintiff, hath not yet accounted with or paid the plaintiff the sum of six hundred dollars or any part thereof.

The sale was made September 25, 1840. The Bank of Millington, Md., failed October 10, 1840. $530 of the notes were produced in open court and tendered the defendant.

Mr. Marbury, for the plaintiff, cited the following points and authorities.

Starkie, in his work on evidence, 2d vol., part 4, p. 95, says: "If a bill be given in payment of goods, and there be no agreement as to time, and it turns out to be worthless, an action may be commenced immediately."

Lord Kenyon says in Steadman *vs.* Gooch, 1 Esp., 5: "If such bill or note is of no value he may consider it as waste paper, and resort to his original demand, and sue the debtor on it." He says in Puckford *vs.* Maxwell, 6 Durn. and East, 53: "If the bill which is given in payment do not turn out to be productive, it is not that which it purports to be and which the party receiving it expects it to be, and therefore he may consider it a nullity, and act as if no such bill had been given at all."

See Ellis *vs.* Wild, 6 Mass., 321; Wiseman *et al. vs.* Lyman, 7 Mass., 286; People *vs.* Howell, 4 Johns. N. Y., 296; Johnson *vs.* Weed, 9 *idem.* 310. Where the article of sale is warranted it seems that the vendee is entitled to prove the inferiority, and the breach of the warranty. 2 Starkie on Ev., part 4, p. 645, and the case cited, viz.: Hunt *vs.* Silk, 5 East., 452; Connor *vs.* Henderson, 15 Mass., 319; Thornton *vs.* Wynn, 12 Wheat., 183.

See also Curtis *vs.* Hannay, 3 Esp., 83, and Grimaldi *vs.* White, 4 Esp., 95; Franklin *vs.* Long, 7 Gill and Johns., 407, as to the return of the goods as soon as the breach of warranty is discovered.

The count for money had and received may also be supported upon a consideration, which failed as where payment

has been innocently made in counterfeit notes or coins, if the plaintiff has offered to return them, within a reasonable time. 2 Greenleaf on Ev. §124, and cases there cited.

A payment received on forged paper, or in any base coin is not good, and if there be no negligence in the party, he may recover back the consideration paid for them, or sue upon his original demand. U. S. Bank *vs.* Bank of Ga., 10 Wheaton, 333, and cases cited by Justice Story.

Counsel for the defendant made the following points as to averring fraud in the declaration.

Fraud consists in intention, as a fact to be averred. Stuart *vs.* Wilkins, 1, Doug. R. 18; Moss *vs.* Riddle, 5 Cranch, 351.

As to returning an unsound thing, see Fielder *vs.* Starkin, 1 H. Black, 19.

Assumpsit will not lie where there is a fraud, the action must be trover or deceit. Ferguson *vs.* Carrington, 3 Car. & P., 457, & 14 Eng. Com. L. R., 387; Slater *et al. vs.* West., 14 Eng. Com. L. R., 330; Ferguson *et al. vs.* Carrington, 9 Bar. & Cr. 59; Thompson *vs.* Bond, 1 Camp. 4; Read *vs.* Hutchinson, 3 Camp., 352.

An executed consideration, whereon the law implies a promise to pay on request, as upon an account stated, is not sufficient to support a promise to pay at a future day. Hopkins *et ux vs.* Logan, 5 M. & W., 241; Kaye *vs.* Dutton, 7 M. & G., 807.

Where the defendant knew the bill of exchange given for goods was worthless at the time of purchase, assumpsit was held not to be the remedy. Read *vs.* Hutchinson, 3 Camp., 352; Thompson *vs.* Bond, 1 Camp., 4.

Assumpsit on an implied contract.

The law does not imply contracts where facts are inconsistent with contracts when implied. Where facts show a fraud, and that is to destroy the contract, then there can be no fact on which a contract can be implied, but quite the contrary; the implication is forbidden.

Assumpsit for money had and received can only be for the actual amount of the sale by the defendant.

Where there is a special count and a general count for goods sold, plaintiff may abandon his special count, but not when his proof show the goods were delivered under the special agreement still subsisting.     Raymond *et al. vs.* Bearnard, 12 Johns. N. Y., 274; Jennings *vs.* Camp, 13 *idem.* 94; Robertson *vs.* Lynch, 18 *idem.* 451; Clark *vs.* Smith, 14 *idem.* 326; Perkins *vs.* Hart, Ex. 11 Wheaton, 237.

If the contract is affirmed it must be as made, and the party cannot recover on a promise implied different from the one made.     The notes were not worthless at the time of the contract, and he only tendered a part of them.     The tender of a part affirms the contract made.

The following exceptions were made in the course of the trial:

1st.   The plaintiff to support the issues on his part joined offered to read to the jury a commission issued in this cause, together with the depositions taken in pursuance thereof, to the reading of which disposition the defendant objected, because of the execution thereof, but the Court permitted the same to be read.

Marbury, in reply, stated: 1st. The oath is signed by J. Milburn, J. P., J. P. means Justice of the Peace.   2nd. The Commissioners certify that they took the oath.

2nd.   The plaintiff, to maintain the issue on her part, offered Ebenezer Rodbird, a competent witness, who testified that during the years 1839 and 1840 he was employed by the defendant to purchase negroes for him in the States of Maryland and Virginia; that the mode of business between the said witness was as follows: Williams placed in the hands of witness, from time to time, various sums of money, to be employed by him in the purchase of negroes, for which he allowed witness compensation; that he took the bills of sale and receipted on the purchase of the negroes in the name of the defendant, and delivered the negroes and evidence of purchase to the defendant from time to time; that the business and employment of the defendant was a trader in negroes; that witness paid for the negroes in the identical money placed in his hands by the defendant, and on being asked by the defendant's counsel if his authority as agent of defendant

was in writing, said he had no authority written or verbal, except what is contained in the receipts given by him to the defendant, which he produced in form as follows:

Received of Wm. H. Williams ten hundred dollars, to be laid out in negroes, or returned when wanted.

June 16th, 1839.

Another for two thousand dollars, another for twelve hundred dollars, and another dated August 25th, 1840, for six hundred dollars.

And thereupon the said plaintiff offered to read the depositions with the above receipts, to the reading of which the defendant objected.

3rd. Whereupon the defendant prayed the Court to instruct the jury as follows: If the jury shall further believe, from the same evidence, that at the time of alleged sale of the negro man by the said Wilkinson to defendant, that it was agreed between the said parties that in case the Millington bank notes then paid and received should prove worthless or not good, the former should return them to the defendant, who was then to make them good, then the plaintiff is not entitled to recover upon the common counts, which the Court refused to give except with the qualification as follows:

If upon the whole evidence the jury should believe that the payment in Millington notes formed no part of the contract of sale of the negro man Frisby, but was collateral thereto; and shall further find that the defendant on the 25th of September, 1840, purchased of the said Wilkinson, in his lifetime, the said negro man Frisby, at and for the price and sum of $600, and paid for him in said notes of the Commercial Bank of Millington; and if they shall further find that said notes was issued by certain individuals using the said name of said bank, and for the purpose of deceiving and defrauding the public; and if they shall further find as aforesaid that the said defendant knew of the existence of said fraud before the said purchase, and in such known case passed said notes to said Wilkinson; and further that the said George Wilkinson, on the discovery of said fraud, returned said notes or tendered them to the said defendant, or shall satisfy the jury that said notes were entirely destitute

of value at the time said fraud was discovered, then the passing of said notes, if passed by the agent of the defendant to said George Wilkinson, was no payment for the purchase of said negro, to prevent the plaintiff from recovering in this action.

The above was granted by the Court.

To which refusal to instruct, as prayed by the defendant, as well as to the instruction with the qualification aforesaid granted, the defendant excepts.

4th. In the progress of the trial of this cause, upon notice from the plaintiff to the defendant to that effect, the defendant produced and gave to the plaintiff's counsel the said letter from said Wilkinson to defendant, dated the 18th of Oct. 1840, and postmarked by said Wilkinson himself, who was then postmaster at the place where it was written, dated and mailed October 26th, and after said letter had been given in evidence to the jury, the following instructions were given:

If the jury shall believe from the whole evidence aforesaid that the plaintiff's testator, George Wilkinson, at the time of selling the said negro man in the declaration men-. tioned, applied to Mr. Agustus R. Sollers for his opinion, whether or not the notes offered by Rodbird in payment were good, and received from him the reply that there could be no doubt about the money, received it as payment of said negro upon this assurance only, then the plaintiff is not entitled to recover on the special count in the declaration, notwithstanding the jury shall also believe that said Wilkinson afterwards stated to said Rodbird that in a short time he should go to Baltimore, and if he ascertain the notes were not good he should return them, to which said Rodbird assented.

And further, that upon said testimony plaintiff cannot recover on the special count, unless the plaintiff shall further prove that said Wilkinson did, within a reasonable time, notify said defendant that the notes which had been paid him were not good, and had returned said notes, or offered to return them.

The above was given by the Court.

If the jury shall believe from the said evidence that at the time of negotiating the sale of the said negro, and before

the consummation of the same, and "before the said Wilkinson would agree to receive payment for the said negro man in the notes of the Commercial Bank of Millington, the said Rodbird promised the said Wilkinson that should said money not be passable in the City of Baltimore, when he, the said Wilkinson sent it there, he, the said Rodbird, bound himself to make it good to said Wilkinson in other funds;" that then it was incumbent on said Wilkinson to send said money to Baltimore in a reasonable time, and if on sending it he found that it was not passable, to give by the earliest practicable public conveyance notice thereof to said Rodbird or said Williams, and to require the amount to be made good in other funds; and in the absence of such proof the plaintiff is not entitled to recover in this action, and further that fraud is not to be presumed, and that the acts and conduct of the said defendant, as proved in said evidence, may be accounted for by and traced to an honest and legitimate source and motive, the jury are not at liberty to infer fraud from such acts and conduct.

The above instructions were given by the Court at the instance of the defendant, who read to the Court part of said letter embraced in instructions; the said defendant prayed the Court to instruct the jury: And further that the allegations contained in said letter of said Wilkinson of the 18th October, 1840, of his having sent said money to his agent in Baltimore, or that he received the letter from said agent as therein stated, are not competent evidence to prove said facts, that he had to send the money to Baltimore, or that he received any letter from his agent, or that said letter contained what is there stated, or that such statements were true as there made, which instruction the Court refused to give, to which refusal the defendant excepts.

The exceptions were signed and sealed by Judges Morsell and Dunlop, under date of November 6, 1849.

Verdict for the plaintiff for $530, with interest from September 25, 1840.

Motion for a new trial on the following grounds.

1st. Because the verdict is against the law and the evidence.

2nd. Because the Court erred in instructing and in refusing to instruct the jury.

3rd. Because the verdict was against the instructions of Court.

Coxe and May for defendant.

Motion overruled and judgment on the verdict.