E. SUBER, PLAINTIFF IN ERROR, vs. G. PULLIN, DEFENDANT IN ERROR.

P. agreed, in writing, to sell to S. certain heavy articles of iron and stone, and send them to a certain station, from whence they were to be hauled by S. to the place where they were to be erected, and then P. was to take charge of the articles and have them erected, "if the foundation is completed when delivered." P. sent the articles to the station, and gave notice thereof to S., but he failed to haul them off, or to have the foundation made : *Held,* That P. could recover from S. the damages he had sustained, under the common counts.

Where there is a special contract existing, and in full force, a recovery for a breach thereof cannot be had under the common counts. *Aliter,* if the contract has been rescinded or abandoned, by mutual consent or by the act of the defendant, and the plaintiff is entitled to compensation for part performance.

A recision or abandonment may be shown by the acts or omissions of a party. Express words or direct notice is not necessary.

Where work and labor is to be performed on goods by the vendor, before delivery, the contract of sale is not within the 17th Section of the Statute of Frauds.

BEFORE ORR, J., AT NEWBERRY, OCTOBER, EXTRA TERM, 1869.

This case was brought up by writ of error from the Circuit Court for Newberry County. E. Suber, the defendant below, being the plaintiff in error.

The action was *assumpsit,* and the declaration contained only the common counts in *indebitatus assumpsit* for goods and chattels sold and delivered, work and labor done, money paid, and money had and received.

No bill of exceptions was filed, and the case was heard on a report of His Honor the presiding Judge, which is as follows:

"This was an action of *assumpsit* for goods sold and delivered by plaintiff to the defendant. The following special contract in writing was proved:

"'Captain Ephraim Suber bought of G. Pullin iron railing, No. 67, and three sets of white marble gravestones, (two sets three feet by 1 foot eight inches, and one three feet by one foot); to be sent to Hope Station, and all expenses paid there; and said Pullin is to take charge of setting the same, if the foundation is completed when delivered. They find the laborers, and haul it. Price for the above, five hundred and fifty dollars. Size of lot, forty-five feet by forty-five. Dated Glymphville, March 13, 1859.

(Signed) "'EPHRAIM SUBER.'

"It was proven that the railing and tombstones were boxed and

shipped to Hope Station; that they were received; and that the defendant had notice of their arrival. The plaintiff testified that he called on three occasions—in June, July and August, or September, 1859—to set up railing and monuments, but the foundations had not been prepared by defendant, nor any of the articles hauled from the depot to the family graveyard. The defendant never did receive the articles. When the plaintiff closed his evidence, the defendant moved for a non-suit, on the ground that, if the special contract was relied on to establish defendant's liability, performance by plaintiff of his part of the contract should be averred and proved, or plaintiff's willingness to perform, and that he was prevented by defendant; and that, if the special contract was waived, and the common counts only were relied on, to charge the defendant with the goods sold and delivered, that the contract was invalid, under the 17th Section of the Statute of Frauds.

"The transcript will show the various counts in plaintiff's declaration. There is no separate count on the special contract, though the items are set forth in one or more of the counts; nor is there any averment of performance or willingness to perform his part of the contract, and that he was prevented by plaintiff. There was, however, proof that he went to the house of defendant to put up the work, as stipulated in the written contract offered in evidence. I overruled the motion for a non-suit with some hesitation. The defendant offered evidence, but it is not necessary to report the same for elucidating the question made in the case. The jury found a verdict for plaintiff for $302.27."

The error assigned by the plaintiff in error is as follows:

That His Honor the presiding Judge erred in not granting the motion for a non-suit made by the defendant, on the trial of this case, on the grounds taken, to wit:

1. That the plaintiff did not declare on the special contract in writing relied on and proved at the trial, and aver performance of, or willingness on plaintiff's part to perform, what was promised by him in said contract, and because, if the special contract was waived, the contract was within the 17th Section of the Statute of Frauds.

2. That, upon the contract proved, the plaintiff was not entitled to go to the jury upon the counts contained in his declaration.

*Garlington & Suber*, for plaintiffs in error.

The plaintiff in the action below declared on the common counts

in *assumpsit* upon an executed contract, whereas, the contract proved on the trial was a special agreement in writing, and executory in its character.

1. The plaintiff having proved the special agreement, could not recover on the common counts, because the consideration of the special contract was executory.—1 Chitty Pl., 340, 10th Am. Ed.; Idem, 304.

The contract must be stated according to its legal effect.—Idem, 320.

A misstatement of the contract will subject the plaintiff to a non-suit.—Idem, 307, 298.

2. In order to maintain the count for goods sold and delivered to the defendant, it was essential that the goods should have been delivered to, and accepted by, him, which was not shown in the case below.—Idem, 345, 347, 159 ; Chitty on Contracts, 374, 384, 441, 6th Am. Ed.

The declaration should have been framed specially on the written contract for not accepting the goods, or for refusing to complete the bargain.—Idem, 347 ; *Parnel* vs. *Wilson*, Dudley, 372.

3. To support the count for work, and labor, and materials, the plaintiff must have completely performed the work contracted for, and, if not, it was necessary that he should have declared specially if the defendant had wrongfully prevented him from performing the work.—1 Chitty Pl., 348.

4. The defendant in error should have averred in his declaration performance of his part of what was required of him by the contract, as proved, or his excuse for non-performance; whereas, his declaration contained no such averment.—1 Chitty Pl., 320 to 327 ; *Lester* vs. *Jewett*, 11 N. Y., 453, (1854) ; *Dana* vs. *King*, 2 Pick., 156 ; *Johnson* vs. *Wygart*, 11 Wend., 48 ; *Dakin & Bacon* vs. *Williams & Seward*, 11 Wend., 69 ; *Pordage* vs. *Cole*, 1 Saund. R., 320 ; Notes, 18 Johnson, 451 ; 1 Saund. Pl. and Ev., 115 ; *Craig* vs. *Pride*, 2 Speer, 121.

5. If the special agreement in writing be waived, and not relied upon, the contract is invalid under the 17th Section Statute of Frauds.

*Jones,* for defendants in error.

1. It is not necessary to declare *specially* on demand for work, and labor, and materials, or for merchandise, when the plaintiff has performed his part, and the consideration is money, and time for

its payment has passed.—1 Chit. Pl., 381, 382 and 317; 4 East, 147; 9 East, 498; 13 East, 97; 9 Peters, 566; 7 Cranch, 303; Buller's Nisi Prius, 139, 140; *Hayward* vs. *Kain,* 1 Moody & Malkin, 311; *Lunningdale* vs. *Livingston,* 10 John. R., 36; *Felton* vs. *Dickenson,* 10 Mass., 287, 290; *Payson* vs. *Whitcomb,* 15 Pick., 212; *Sublett* vs. *McLin,* 10 Hemphill, 181; *Dermett* vs. *Jones,* 2 Wallace Rep., 1; *Hyde* vs. *Leverse,* 1 Cranch, 408; *Maupin* vs. *Ric,* 2 Cranch, 38; *Brockett* vs. *Hammond,* 2 Cranch, 56; *Paresh* vs. *U. S.,* 1 Nott & H., 357; 4 Bos. & Pul. Rep., 351; 6 East, 564; 2 Saunders, 350, Note A; *Bank of Columbia* vs. *Patterson,* 7 Cranch, 299; Fitsg. Rep., 303; *Chesapeake Canal Co.* vs. *Knap,* 9 Peters, 541; *Repsico* vs. *Bontz,* 3 Cranch, 425; 2 Smith's Leading Cases, 21–34; *Laden* vs. *Seymour,* 24 Wend., 62; *Newman* vs. *McGregor,* 5 Ham., (0) 351; *Porter* vs. *Talcott,* 1 Cowan, 378–386; *Baker* vs. *Covney,* 19 Pick., 496; *Coles* vs. *Homes,* 2 Spear, 360; 4 Rob. Prac., 496, 7 and 8.

2. It is not necessary to declare *specially* on demands for work, and labor, or merchandise, *when the contract has been put an end to, or the defendant refuses or neglects to do his part.*—*Raymond* vs. *Bearnard,* 12 John. R., 276; *Jones* vs. *Barkly,* 2 Dougl., 694; *Franklin* vs. *Leach,* 5 Cowan, 506; Sugden on Vendors, 10 Ed., 374; *Laird* vs. *Prince,* 7 M. and Wels., 474; *Craig* vs. *Pride,* 2 Spear, 121; *Hill* vs. *Barrett,* 14 B. Monroe, 8; *Persens* vs. *Hart,* 11 Wheaton, 237; *Ames* vs. *LeRue,* 2 McLean, 216; *Wethers* vs. *Reynolds,* 2 B. & Ad., 882; *Blanche* vs. *Colburn,* 8 Bing., 14; *Franklin* vs. *Miller,* 4 Adol. and Ellis, 599; *Towers* vs. *Barrett,* 1 Term Rep., 36; *Rye* vs. *Stubbs,* 1 Hill's L., 384; *Algeo* vs. *Algeo,* 10 Serg. & R., 235; *Moulton* vs. *Trash,* 9 Metcalf, 577; *Hogland* vs. *Moore,* 2 Blackford, 167; *Lockwood* vs. *Barnes,* 3 Hill N. Y., 129; Stephens' Nisi Prius, 299 and 300; *Streeter* vs. *Horlock,* 1 Bing., 37; *Leeds* vs. *Brenows,* 12 East, 1; *Poulter* vs. *Killingbeck,* 3 Bos. & Puller, 197; *Gorden* vs. *Martin,* Fitsg., 302.

3. It was not necessary that plaintiff should have made an *actual delivery* to defendant, but only a constructive delivery, to enable him to sustain *indebitatus assumpsit.*—1 Stephens' Nisi Prius, 293; *Smith* vs. *Chase,* 2 Barn. & Ald., 753; *Nicholle* vs. *Plume,* 1 Car. & P., 272.

4. The contract in this case is not within the 17th Sec. of Stat. Frauds, because the goods were not ready for delivery, but some labor had to be bestowed on them.—*Gadsden* vs. *Lance,* 1 McMullen Eq., 91; *Towers* vs. *Osborne,* Str., 506; *Clayton* vs. *Andrews,* 4 Bur.,

2101; *Grover* vs. *Buck*, 2 Maul & Sel., 178; *Bird* vs. *Muhlinbrunk*, 1 Rich., 199; *Winship* vs. *Buzzard*, 9 Rich., 103; *Cason* vs. *Chuley*, 6 Georgia R., 554; *Cummings* vs. *Dennett*, 26 Maine, 401; *Spencer* vs. *Cone*, 1 Metcalf, 283; *Malteron* vs. *Westcott*, 13 Verm., 261; *Allen* vs. *Daivis*, 20 Conn. R., 38.

March 12, 1870. The opinion of the Court was delivered by

MOSES, C. J. It is assigned that there was error, on the part of the Judge below, in holding that a recovery could not be had under the common counts, because the parties had entered into a special contract. It is settled, beyond controversy, that where there is a special contract existing and in full force, a resort for the breach of it cannot be had to the common counts.—1 Chit. Pl., 342; *Power* vs. *Wells*, Cowp., 818; *Weston* vs. *Downes*, Doug., 23; *Raymond et al.* vs. *Bearnard*, 12 Johns., 274; *Clark* vs. *Smith*, 14 Johns., 326. It proceeds upon the plain and well recognized principle that, if there is an express promise still existing, the party is precluded from a remedy founded on an implied one.

The terms of a special contract express the conditions and provisions which the parties have prescribed for themselves. The implied obligation, which arises from the consideration, is substituted by the law in the absence of an agreement which declares the intent of those who are to be, respectively, bound by its terms. Where, therefore, one undertakes either to do specific work, or deliver goods, he is held to his assumption according to the true meaning of his contract, and this is to be ascertained by an action on the agreement itself.

If, however, it has been rescinded, either by mutual consent or by the act of one of the parties, and a right to compensation has accrued to the other of them by reason of part performance, such right may be enforced through the common counts. It is not to be understood that a recision of the contract can only be effected by words, or direct notice, indicative of that purpose; but any act, by the one or the other, which necessarily prevents the performance of the mutual undertaking, will amount to an abandonment. Wherever the conduct of either can be viewed in no other aspect than as a relinquishment of the contract, it is to be regarded as rescinded, and the party against whom the breach has thus been made may avail himself of the common counts. The remedy is accorded to him because he has been prevented from completing his undertaking by the direct interposition of the other party.

To sustain these positions reference may be had to what is said by Buller, J., in *Towers* vs. *Barret,* 1 T. R., 136 ; to *Gillett* vs. *Maynard,* 5 Johns., 86 ; *Dubois* vs. *Delaware and Hudson Canal Company,* 4 Wen., 285; and to our own cases of *Rye* vs. *Stubbs,* 1 Hill, 384 ; *Martin* vs. *Howel,* 2 Tr. Con. Rep., 750 ; *Stent* vs. *Hunt,* 3 Hill, 223 ; *Bradshaw* vs. *Branan,* 5 Rich., 466.

By the agreement, the defendant was the purchaser from plaintiff of certain iron railing and tombstones, which he was to send to Hope Station, and pay the expenses therefor. The defendant was to haul the materials to the place of erection, but the plaintiff was to set up the same, if the foundation was completed when the articles were delivered. The price to be paid by the defendant for the materials, and setting them up, was $550.

The evidence proved that the stones and iron railing were sent by the plaintiff to the station, and notice thereof given to the defendant; that the plaintiff, after this, called on him several times to remove the articles to the graveyard, and prepare the foundation, with neither of which requests did he comply. Under these facts, it is clear that his neglect or refusal prevented the plaintiff from completing the contract, on his part, according to its intent ; and, unless he can recover in this form, he would be without remedy for the value of the materials he furnished, and the work and labor he bestowed to place them in the condition essential to the purposes for which they were required by the defendant. His failure to perform the agreement, on his part, which was necessary to the complete fulfillment of all the stipulations required of the plaintiff under it, amounted to an abandonment of the contract by the defendant.

He contends, too, that if the special contract was waived, the plaintiff cannot recover, by reason of the 17th Section of the Statute of Frauds.

It might be sufficient to say that the verdict could be sustained on the demand for work and labor, and this would prevent the objection growing out of the statute.

The contract was in writing, and was offered in evidence as a standard by which the measure of damages was to be regarded. If it had existed only in parol, the exception would not have been well taken. · The prominent articles to be furnished by the plaintiff were gravestones, of stated dimensions. He was to inscribe upon them at least the name and the date of the birth and death of the several deceased to whose memory they were to be dedicated.

They were not tombstones at the time of the agreement, and work and labor were to be bestowed upon the marble by the vendor to constitute them the articles demanded by the defendant. The work and labor are to be regarded as indispensable parts of the contract.

The whole subject is fully considered in the case of *Bird* vs. *Muhlinbrink*, 1 Rich., 199, which holds such an agreement not within the Statute of Frauds.

The judgment of the Court below is affirmed.

*Willard*, A. J., concurred.