BAIRD v. WINCHESTER.

(Circuit Court of Appeals, Ninth Circuit. February 10, 1896.)

No. 229.

CONTRACTS—DAMAGES—AGREEMENT TO EXTEND MORTGAGE.

> Plaintiff, who owned a part of a tract of land, subject to a mortgage to defendant, and who was desirous of buying the remainder thereof by an exchange of other property, entered into negotiations with defendant for an extension of the mortgage, offering to make certain improvements, insure the property for defendant's benefit, and pay delinquent taxes on the property. Defendant agreed to the terms, but further negotiations resulted in breaking off the agreement, and defendant commenced foreclosure proceedings. Plaintiff then sued defendant, alleging that he had purchased the part of the tract not at first owned by him by the conveyance of property worth $3,200, that he had made improvements and paid for insurance, that the pendency of the foreclosure hindered the disposition of the property, and thereupon demanded judgment for the value of his land so conveyed and the sums so expended. *Held*, that the complaint stated no cause of action.

In Error to the Circuit Court of the United States for the District of Washington, Western Division.

Hudson & Holt and F. A. Graham, for plaintiff in error.

Bogle & Richardson, for defendant in error.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge. The plaintiff in error commenced an action against the defendant in error in the court below, and in

his amended complaint alleged, in substance, the following facts: That Henry K. Moore and wife owned lots 8, 9, and 10 in block 610, in Tacoma, Wash., and mortgaged the same for $5,000 to the Lombard Investment Company, which mortgage was assigned to the defendant. That the defendant resides at Baltimore, Md. That, prior to January 1, 1894, the plaintiff had become the owner of a portion of said lots 9 and 10, and had paid a proportionate share of the interest on the mortgage up to November 1, 1893. That, the interest and taxes being thereafter delinquent, the defendant had threatened to foreclose his mortgage. That the plaintiff and the defendant then began a correspondence by mail, in which the defendant stated that there was due on said mortgage the principal sum and $253 interest. The plaintiff then wrote the defendant, informing him that Moore and wife had agreed to deed the remainder of said incumbered property to the plaintiff in exchange for other property, and proposing to the defendant that, if he would extend the time of payment of the mortgage for one year, he (the plaintiff) would pay the delinquent interest and the interest to May 1, 1894, and all delinquent taxes, and would insure the property, with loss payable to the defendant, and would paint and paper the house, and fix up the outbuildings, and would send the defendant an abstract of title up to date, "provided you extend the loan of $5,000 one year from May 1, 1894, at 6 per cent." That the defendant accepted said proposition on March 9, 1894, by telegraphing as follows: "I will extend loan for eighteen months from November last on condition that you carry out your promises in letter of February 9th. I will instruct my agent to-day to arrange matter with you,"—and by a letter in which he wrote, "I trust you can acquire title to the property quickly, so as to assume the loan and close up the transaction." That the plaintiff did not know who was the defendant's agent until about the 14th or 15th day of March. That he thereupon notified the agent of his acceptance of the proposition, but that the agent did not receive the defendant's instructions until March 25th. That it was made a condition in said instructions that the plaintiff give notes for the interest on said mortgage for the time it was to run, and that he obtain a new deed to the whole of the property from Moore and wife, which deed should contain a covenant that the plaintiff assumed the payment of the mortgage. That the plaintiff assented to such condition and requested said agent to prepare such deed, which the agent agreed to do, but never did. That the plaintiff also requested of the agent that he should have the defendant execute an agreement in writing in accordance with the understanding between plaintiff and defendant, and also requested that the defendant agree in writing that he would, on compliance with said agreement, fully release and discharge the lien of the mortgage on said lots. That the defendant refused to sign such agreement. Thereupon the plaintiff further requested that the defendant agree in writing to assign the mortgage to plaintiff, or to some one by the plaintiff to be named, on compliance by the plaintiff with said agreement. That, without notice to the plaintiff of the acceptance

or rejection of his said last proposition, the defendant, on April 27, 1894, commenced a suit to foreclose said mortgage. That, before the commencement of said suit, the plaintiff purchased the interest of said Moore and wife in said property by the exchange of other property, worth $3,200, and in further performance of his part of the agreement insured the buildings on said property, with loss payable to the defendant, and expended therefor $64, and repaired said buildings at a cost of $1,057.75, and that the plaintiff stood ready to carry out his part of said agreement as soon as the agreement and the papers with reference thereto should be ready, as was agreed upon. That the commencement of said foreclosure suit and its pendency deprived the plaintiff of the ability to sell or trade said property, and that the conduct of the defendant justifies the plaintiff in considering the agreement of March 9th rescinded. That, by reason of the premises, the plaintiff has lost the property he exchanged for said lands and the amount paid for insurance and repairs. Wherefore he demands judgment for $1,321.75. The defendant demurred to the complaint as not stating a cause of action, which demurrer was by the court sustained. The plaintiff thereupon presented and asked leave to file a second amended complaint, containing substantially the same allegations, and permission to file the same was denied. Both of these rulings are now assigned as error.

It is the contention of the plaintiff in error that, by his proposition, written to the defendant, and its acceptance by the defendant's answer by telegraph on March 9, 1894, a contract was made and entered into between the parties, notwithstanding the condition expressed in the telegram, and the further fact that the details of the agreement were to be reduced to writing and signed by the parties. It may well be doubted whether, in view of the language of the defendant's answer to the plaintiff's proposition, and the continued negotiations and the new propositions advanced upon either side, culminating in an abandonment of the correspondence and the commencement of the foreclosure suit, the minds of the parties ever met upon a definite agreement. But it is unnecessary to determine that question in this case. In any view of the contract relations between the parties, the plaintiff had not, in our judgment, a cause of action against the defendant to recover the sums of money laid in his complaint.

It is urged that the defendant rescinded the contract, and that he cannot, while wrongfully disregarding his own covenants, retain the moneys paid by the plaintiff in carrying out, upon his part, the terms of the agreement. If the defendant had indeed received the plaintiff's money, and now retained the same under a contract which he had violated, a different case would be presented; but such are not the facts alleged in the complaint. The $3,200 for which the plaintiff sues is the value of real estate which he conveyed to Moore and wife, in return for which he received the title to other real estate, the value of which is not charged to be less than that which he so deeded in exchange. The money he spent in improvements on the buildings went to the betterment of

property the title to which was vested, not in the defendant, but in himself. The money expended for insurance was for the benefit of the plaintiff, rather than for the defendant, since, in case of loss by fire, the sum realized upon the policy would have been paid to the defendant and credited upon his lien, thereby lessening the amount of his demand upon the mortgaged property. There is no allegation in the complaint from which it may be seen that the defendant received even a remote benefit from the expenditures made by the plaintiff. It is not alleged that the value of the incumbered property was insufficient security for the mortgage debt, or that the expenditures made by the plaintiff were necessary for the protection of the defendant's security. The cases cited and relied upon by the plaintiff in error in support of his demand for the repayment of his expenditures, are cases in which moneys paid by one party to a contract in reliance upon its terms had been received and wrongfully retained by the other party, who had violated the same, and recovery was had as for money had and received. Levy v. Loeb, 89 N. Y. 386; Raymond v. Bearnard, 12 Johns. 274; Graves v. White, 87 N. Y. 463; Gould v. Bank, 86 N. Y. 75; Seipel v. Trust Co., 84 Pa. St. 47.

The plaintiff confines his action to a demand for the recovery of the moneys expended by him, and does not seek to recover damages for the violation of the contract. Such damages, even if it were conceded that a binding contract was entered into, would be nominal only; for there is no allegation in the complaint upon which other damages may be predicated. If a contract existed, as alleged, one of its provisions was that the time of the payment of the mortgage was extended. That fact could have been pleaded by the plaintiff in abatement of the foreclosure suit. It is alleged, it is true, that the fact of the pendency of that suit has embarrassed the plaintiff, and has interfered with his disposition of his property; but it is not alleged that the security is inadequate to meet the defendant's demands, or that, after the payment of the defendant's lien out of the proceeds of the incumbered property at the end of the foreclosure proceedings, enough will not remain to reimburse the plaintiff fully for all his outlays. Under such a state of facts, it is apparent that the plaintiff could, at most, recover nominal damages only, and that this court would have no jurisdiction of his cause of action.

The judgment is affirmed, with costs to the defendant in error.