37 489
121 277

# ALA. & TENN. RIVERS RAILROAD COMPANY *vs.* NABORS & GREGORY.

### [ACTION ON SPECIAL CONTRACT AND COMMON COUNTS.]

1. *What proof is necessary to authorize recovery by plaintiff.*—In an action against an incorporated railroad company, founded on an instrument

of writing executed by its secretary and treasurer, which, after acknowledging the receipt of certain notes as a loan to the company, states that the "loan" is made on the conditions and terms stated in the resolutions of the board of directors passed on" a specified day, "and recorded on the minutes,"—the plaintiff cannot recover, either under the common money counts, or under a special count on the contract, without proving the conditions and terms of the loan, either by the production of the resolutions of the board of directors, or other competent evidence; and the fact that the resolutions are in the defendant's possession, does not affect the principle.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

THIS action was brought by the appellees, and was founded on two instruments of writing, executed by A. M. Goodwin, as secretary and treasurer of the Alabama and Tennessee Rivers Railroad Company, acknowledging the receipt of certain notes loaned to said railroad company. The notes specified in one of the instruments were executed by one J. F. Dennis, and were therein acknowledged to have been received of him; and those specified in the other were executed and loaned by Regill, Roberts & Terrell. The instruments were in the following form:

"Office of Alabama and Tennessee Rivers
                          Railroad Company.

"Received, Selma, June 16, 1856, of J. F. Dennis, his two notes of this date, for five hundred dollars each, one six months, and the other at twelve months, each with interest from date, as a loan to said railroad company, but to be used only in the event that the directors purchase iron in Mobile to extend the railroad to the other side of the Coosa river. This loan is made on the conditions and terms stated in the resolutions of the board of directors, passed June 13, 1856, and recorded on the minutes.

                          "A. M. GOODWIN,
                             "Secretary and Treasurer."

The complaint contained four counts; the first count being in these words: "The plaintiffs claim of the Alabama and Tennessee Rivers Railroad Company three thousand dollars, for this: that the said defendant, on the 16th

June, 1856, executed to James F. Dennis an instrument of writing in these words," setting out the instrument above copied. " And the plaintiffs aver, that by the resolutions of said board of directors, in said instrument mentioned, the said defendant was authorized to borrow money, and the same was, by said resolution, due and payable on the 1st June, 1859, bearing interest from the date of the loan; and the said defendant, on the 13th April, 1858, received from said Dennis the money due on said notes, with interest thereon, and applied said money, through its said board of directors, to the purchase of iron in Mobile, to extend the railroad of said company to the east side of the Coosa river,—that being the side of the river described in said instrument as the 'other side of the Coosa river;" which said sum of money, so loaned to said defendant, is still due and unpaid; and the said instrument of writing was, on the 1st January, 1859, duly transferred and assigned to the plaintiffs, and is their property." The second count was founded on the instrument given to Regill, Roberts & Terrell for the notes loaned by them, and was the same as the first, *mutatis mutandis.* The third count claimed three thousand dollars, " due by account on the 16th June, 1856, to James F. Dennis, for so much money loaned by him to the defendant;" and the fourth claimed the same amount, as being due by account to Regill, Roberts & Terrell, for money loaned by them to the defendant; each count containing also an averment that " said account is the property of the plaintiffs."

On the trial, as appears from the bill of exceptions, the plaintiffs proved, by several witnesses, that the signatures to the receipts on which the action was founded were in the handwriting of said Goodwin; that said Goodwin was the defendant's secretary and treasurer, and acted as its general agent in signing similar receipts; that a public meeting was held in the city of Selma, " for the purpose of raising money for said railroad company by loan, to be used for the purposes stated in said receipts, which loans were made at the same time, and for the same

492 ALABAMA.

Ala. & Tenn. Rivers Railroad Co. v. Nabors & Gregory.

purposes, as mentioned in said receipts;" that speeches were made at said meeting by several directors of the company, advocating subscriptions to the loan ; and that receipts were given to the other subscribers similar to those above described. On this evidence, together with proof of the charter of the railroad company, the court allowed the plaintiff to read the receipts to the jury; and they then proved an endorsement on each of said receipts, in the handwriting of said Goodwin, acknowledging payment of the notes therein specified. This being all the evidence, the defendant asked the court to charge the jury, that, if they believed the evidence, they must find for the defendant; which charge the court refused to give, and the defendant excepted. The refusal of this charge, and the overruling of the defendant's objections to each part of the evidence offered by the plaintiff, to which exceptions were also reserved by the defendant, are now assigned as error.

ALEX. & JNO. WHITE, for appellant.—The plaintiffs proved the existence of a special contract, but failed to show its terms; consequently, they were not entitled to recover, either under their special count, or under the common counts.—*Snedicor v. Leachman*, 10 Ala. 332.; *Clarke v. Smith*, 14 Johns. 326 ; *Raymond v. Bearnard*, 12 Johns. 275 ; *Tankersly v. Childers*, 23 Ala. 781; 1 Chitty's Pl. 352, n.

BYRD & MORGAN, *contra*.—The receipts show on their face a contract for the loan of money on the notes therein specified, and, taken in connection with proof of the payment of the notes, were sufficient to authorize the recovery by the plaintiffs. In the absence of evidence to the contrary, the money was due immediately ; and if the terms of the contract were varied by the resolutions of the board of directors, it devolved on the defendant, who had the custody of the resolutions, to shew that fact.

R. W. WALKER, J.—The two instruments offered in

evidence, after acknowledging the receipt of certain notes as a loan to the defendant, state that the " loan is made on the conditions and terms stated in the resolutions of the board of directors passed June 13th, 1856, and recorded on the minutes." The resolutions referred to were not produced,—the failure to produce them was not accounted for,—nor was there any evidence whatever as to what were the conditions and terms of the loan therein set forth ; and the question now presented is, whether, under this state of the proof, the plaintiffs had the right to recover, either upon the special contract, or on the common counts. We think it clear that they had not.

Where the existence of a special, unrescinded contract is disclosed by the evidence, the plaintift must show its stipulations ; otherwise, it is impossible to determine whether he has a right to recover. This plain principle controls the present case. The instruments executed by the secretary, on behalf of the company, showed upon their face that they did not contain the whole of the contract between the parties, but that a part of it, namely, the terms and conditions on which the loan was made, was set forth in another writing, particularly described and referred to. In the very nature of things, the right of the plaintiffs to recover must depend upon the terms and conditions of the loan ; and, in the absence of proof as to what those terms and conditions were, the suit must fail. This is different from a general loan, without any special contract. In that case, the promise, and the time of re-payment, would be fixed by legal implication. But no such implication arises in favor of a plaintiff who proves that there was a special contract, defining the terms and conditions of the loan, but fails to show what that contract was.

It will not do to say, that it devolved upon the defendant, in whose possession they were, to produce the resolutions. It was for the plaintiffs to make out their case ; and this they could not do, without showing that the day of payment had arrived, and that the defendant was in default ; and whether or not this was so, depended entirely upon

the terms and conditions of the loan.—*Kerstede v. Raymond*, 10 Inda. 199, (204;) *Whitford v. Tuten*, 10 Bingham, 395 ; *Snedicor v. Leachman*, 10 Ala. 330 ; *Clarke v. Smith*, 14 Johns. 326 ; 1 Greenleaf's Ev. § 87.

If the plaintiffs had proved the contract, and then proved that it had been fully performed on their part, so that nothing remained to be done but the re-payment of the money, they might have recovered on the common counts. But this was not done. The evidence showed the existence, but not the stipulations of the contract.—*Snedicor v. Leachman, supra.*

Judgment reversed, and cause remanded.