# Kyle *v.* Jordan.

### Ejectment.

(Decided February 10, 1913. ·Rehearing denied March 30, 1913.
71 South. 417.).

. 1. Deeds; Separate Writings; Construction.—Whether or not a supplemental writing not referred to nor identified in an executed deed can be offered and received in evidence as a part of the deed, must depend upon the following ·considerations: 1. It must be written contemporaneously with the deed by the grantor or his draughtsman; 2. It must be physically before the grantor when he executes the deed; 3. It must be delivered to the grantee or his agent, along with and as a part of the deed; 4. It must not contradict any of the express terms of the agreement; and 5. Upon its face, it must be continuous, coherent and consistent with that part of the deed, which it purports to supplement; that is, there must be internal evidence of the identity and unity of the two items as constituting a single transaction.

2. Same.—The supplementary writing in this case contradicting the deed both as to parties and consideration, was improperly received in evidence as a part of the deed.

3. Same.—While the rule is not absolute that a deed and a supplemental paper, claimed to be a part of the deed, shall indicate a reference to each other on their face, and in some cases parol evidence of·contemporaneous

facts may be admissible to show their connection, yet to allow such proof, there must be internal evidence of the identity and unity of writing, as constituting a single transaction.

4. **Frauds; Statute of; Real Property.**—The great controlling purpose of the statute of frauds as to real estate is the requisition of written evidence as to all contracts for the sale of land.

(McClellan, Somerville and Gardner, JJ., dissent.)

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Ejectment by S. E. Jordan against R. B. Kyle. Judgment for plaintiff and defendant appeals. Reversed and remanded.

W. J. BOYKIN, and GEO. D. MOTLEY, for appellant. HOOD & MURPHREE, for appellee.

MAYFIELD, J.—(1) When this case was here on former appeal, we ruled that the supplemental writing, on a separate piece of paper, containing additional matter of description to that in the deed, was admissible in evidence as a part of the deed, under the evidence as it then appeared of record. See 187 Ala. 355, 65 South. 522. The authorities on the subject of the admissibility in evidence of separate writings, not signed, as parts of deeds or wills, were reviewed at some length; and in holding the separate writing in this case to be admissible as supplementing the deed in question, the following rule, to which we yet adhere, was laid down:

"We hold that whether or not a supplemental writing, not referred to nor identified in the executed deed, can be offered and received in evidence as a part of the deed must depend upon the considerations: (1) It must be written contemporaneously with the deed by the grantor or his draftsman; (2) it must be physically before the grantor when he executes the deed; (3) it must be delivered to the grantee or his agent along with and as a part of the deed; (4) it must not contradict any of its expressed terms; and (5) it must, upon its face, be continuous, coherent, and consistent with that part of the deed which it purports to supplement, that is, there must be internal evidence of the identity and unity of the two writings as constituting a single transaction."

(2) On further consideration we are now convinced that we were wrong in holding the separate writing admissible as a part

of the deed. We now hold that the record in this case does not bring the separate writing within either the fourth or the fifth qualification of the rule above quoted from the opinion on the former appeal. There are contradictions, in express terms, between the recitals in the deed and those in the separate writing, as to both the parties to, and the consideration for, the deed. In the deed proper the grantee is described as M. Clonninger, and the consideration is stated to be $15 per acre, cash in hand paid; while in the separate writing the recital is that L. Clonninger is to pay $15 per acre. These are certainly contradictions in express terms. We are now of the opinion that there is no internal evidence of the identity and unity of the two writings as constituting a single transaction, sufficient to dispense with a reference in the deed to the separate writing. The deed on its face indicates no reference to this or any other separate writing as being supplementary thereto. While it is possible, or even probable, that both the deed and the separate writing may relate to, or attempt to describe the same piece of land, yet there is no reference in the deed to any separate writing necessary to complete it, and nothing on the face of the papers to show that one is contemporary to the other. The evidence to this end is wholly oral, and therefore inadmissible and unavailing to unify the two writings.

(3) We still adhere to the former holding of this court that the rule is not absolute that the several papers shall, on their face, indicate a reference to each other, and that parol evidence may be admissible, in some cases, of contemporaneous facts, to show connection between the several writings; but to allow such proof, there must be some internal evidence of the identity and unity of the several writings as constituting a single transaction. This question was discussed, and the authorities were reviewed at some length, in *Bryan's Appeal,* 77 Conn. 240, 58 Atl. 748, 68 L. R. A. 353, 107 Am. St. Rep. 34, 1 Ann. Cas. 393, it was there said:

" 'First, the paper must be in existence at the time of the execution of the will; and, secondly, the description must not be so vague as to be incapable of being applied to any instrument in particular, but must describe the instrument intended in clear and definite terms.' In a California case upon this subject this language is used: 'But before such an extrinsic document may be so incorporated, the description of it in the will itself must be

so clear and explicit and unambiguous as to leave its identity free from doubt.'—*Estate of Young*, 123 Cal. 337, 342, 55 Pac. 1011. In an important and well-considered English case, decided in 1902, the court uses this language upon this subject: 'But it is clear that, in order that the informal document should be incorporated in the validly executed document, the latter must refer to the former as a writing existing—that is, at the time of the execution—in such terms that it may be ascertained. * * * The document which it is sought to incorporate must be existing at the time of the execution of the document into which it is to be incorporated, and there must be a reference in the properly executed document to the informal document as an existing one, and not as a future document."

(4) While the rule has probably been relaxed, in this state, to the extent that there need not be an express reference in the deed, will, or other writing to the separate extrinsic document, yet we hold that there must be internal evidence of the identity and unity of the two writings as constituting a single transaction. To allow parol proof to unify such writings, when there is no direct reference in one to the other, and no internal evidence of the identity and unity of the two writings, would tend to do away, in a degree, with the statute of frauds, and to make the effect of all documents required to be in writing indefinite and uncertain. The great controlling purpose of the statute is the requisition of written evidence of all contracts for the sale of lands.

"The meaning of the statute," said Lord Hardwicke, in *Welford v. Beazley*, 3 Atk. 503, "is to reduce contracts to a certainty, in order to avoid perjury on the one hand and fraud on the other; and therefore, both in this court and the courts of common law, when an agreement has been reduced to such a cetrainty, and the substance of the statute has been complied with in the material part, the forms have never been insisted upon."

We therefore adhere to what was said in *Jenkins v. Harrison*, 66 Ala. 360: "The rule is general that several papers, relied on to meet the requirements of the statute of frauds, should, on their face, indicate a reference to each other.—*Carter v. Shorter*, 57 Ala. 253; *Knox v. King*, 36 Ala. 367. The rule is not absolute, and there are cases in which parol evidence of contemporaneous facts, and of the circumstances in which the parties were when the writings were signed, will be received to show their connec-

[Gilliland v. Armstrong.]

tion.—*Thyare v. Luce*, 22 Ohio St. 62; *Salmon v. Goddard*, 14 How. (U. S.) 446 [14 L. Ed. 493]; *Beckwith v. Talbot*, 95 U. S. 289 [24 L. Ed. 496]. As said in the case last cited: "There may be cases in which it would be a violation of reason and common sense to ignore a reference which derived its significance from such proof. If there is ground for any doubt in the matter, the general rule should be enforced. But when there is no ground for doubt, its enforcement would aid, instead of discouraging, fraud.' "

A close inspection of this record certainly leaves no ground for doubt, and the general rule should be here enforced.

It is also now made to appear that the deed proper was recorded, but that the slip of paper claimed to be a supplement or part thereof was not recorded as a part of the deed. If the separate slip was a part of the deed, it would seem that it should have been recorded with the deed.

As we have held that parol evidence was not admissible to show that the slip of paper in question was a part of the deed, it is unnecessary to decide whether or not M. Clonninger was a witness competent to testify as to that question.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur. MC-CLELLAN, SOMERVILLE, and GARDNER, JJ., dissent.