173 So. 399

**FIDELITY & CASUALTY CO. OF NEW YORK v. RABORN.**

I Div. 275.

Court of Appeals of Alabama.

Jan. 12, 1937.

Rehearing Denied Feb. 2, 1937.

Gordon, Edington & Leigh and Leo H. Pou, all of Mobile, for appellee.

Gordon, Edington & Leigh, of Mobile, for appellant.

W. C. Taylor and Smith & Johnston, all of Mobile, for appellee.

SAMFORD, Judge.

The action in this case was grounded upon a contract of indemnity entered into between William Raborn, the defendant, and Fidelity & Casualty Company of New York, the plaintiff, wherein the defendant agreed to indemnify the plaintiff against loss by reason of the plaintiff becoming surety for J. C. Campbell and W. J. Mc-Cowan, doing business under the firm name of Consolidated Warehouse, said bond running in favor of the Commissioner of Agriculture and Industries of the State of Alabama, and being a statutory bond for the benefit of any person or persons injured by reason of the failure or default of the said Campbell or McCowan.

The complaint was in two counts and, as we see it, sufficiently stated the cause of action and was not subject to any ground of demurrer interposed thereto. Code 1923, § 9531, subd. 7; Kilgore v. Kimbrell, 231 Ala. 148, 163 So. 896; National Surety Co. v. Citizens' L..H. & P. Co., 201 Ala. 456, 78 So. 834.

We have also examined the various pleas filed by the defendant and the demurrers interposed thereto and, without going into a full discussion of the various grounds assigned, we are of the opinion that the trial court committed no error in sustaining these demurrers for the reason, if for no other, that there was no allegation showing that any notice was given to an agent of the plaintiff having authority to cancel the bond, nor to such general agent as would constitute a notice to the plaintiff, as is required by Agricultural Code of Alabama,

§§ 398–400, inclusive, see Acts 1927, p. 60. Issue was then joined on the general issue and the plaintiff introduced in evidence its bond to the State of Alabama, as authorized by the Agricultural Code of the State, Acts 1927, guaranteeing the good faith of the Consolidated Warehouse as principal in said bond, dated the 28th day of November, 1932. This bond was properly approved by the Commissioner of Agriculture and recorded as required by law. The plaintiff then introduced, over the objection and exception of the defendant, a contract of indemnity executed the 28th day of November, 1932, by and between William Raborn, this defendant, and the Fidelity & Casualty Company of New York, this plaintiff. In said contract of indemnity there is no sufficient description of the bond of the Consolidated Warehouse secured by the plaintiff, but, as a part of said contract of indemnity, there appears this clause: "Whereas at the special instance and request of the Indemnitor and on the security · of this agreement, the Company is or is to become surety for J. C. Campbell & W. G. McCowan D/B The Consolidated Warehouse of Mobile, Ala., on a certain bond running in favor of Commissioner of Agriculture & Industries—State of Alabama, a copy of which is attached hereto and made a part hereof." But no copy of any bond was physically attached to the contract of indemnity.

Upon proof of loss on the part of the plaintiff, under its bond given to the State of Alabama and hereinabove referred to, and without any proof of further connection between the two bonds, the trial court, at the request of the plaintiff in writing, gave to the jury the general affirmative charge in its behalf. Whereupon the jury returned a verdict in favor of the plaintiff and against the defendant for the amount of damages, and judgment was entered thereon. Subsequent to this judgment, the defendant made its motion for a new trial, assigning numerous rulings of the court which we do not consider necessary to mention other than as the same applies to the ruling regarding the contract of indemnity hereinabove referred to.

On the hearing of the motion, the court granted the same and· ordered a new trial, and from that judgment of the court is this appeal.

■ The general rule, as laid down by most text-writers and supported by authorities in this State and from other jurisdictions, is: "An express or explicit reference from one document to another incorporates the latter in the former so as to allow the two to be considered together for the purpose of determining whether the requirements of the statute of frauds are satisfied. But, except when one or more of the writings is not signed by the party to be charged or his authorized agent, an express reference is not necessary to justify the consideration of two or more writings together; the connection of the writings may be implied where their contents show that they relate to the same parties and subject matter and are parts of one and the same transaction." Kyle v. Jordan, 196 Ala. 509, 71 So. 417; Strouse v. Elting, 110 Ala. 132, 20 So. 123; White v. Breen, 106 Ala. 159, 19 So. 59, 32 L.R.A. 127; Jenkins v. Harrison, 66 Ala. 345.

In the instant case it may be noted that the description of the bond which is made a part of the contract of indemnity describes the principal as J. C. Campbell and W. J. McCowan, doing business as the Consolidated Warehouse of Mobile, Ala.; whereas the principal in the bond upon which loss is claimed by the plaintiff is signed by "The Consolidated Warehouses, Principal, By J. C. Campbell." Another point of difference is that in the contract of indemnity the attached bond is described as "running in favor of the Commissioner of Agriculture and Industries"; whereas the surety bond introduced in evidence runs "in favor of the State of Alabama."

■ So that there is a substantial inconsistency between the contract of indemnity and the document to be incorporated. Where this is the case, the two writings must contain internal evidence of their identity and unity as constituting a single transaction, to justify their consideration together. 27 Corpus Juris, 261 (309), note 71.

■ While, as a general rule, when the memorandum consists of two or more writings, parol evidence is inadmissible to connect them, if such evidence has the effect of changing the terms of either of the writings, yet parol evidence of contemporaneous facts, and of the circumstances in which the parties were when the writings were signed, will be received to show their connection. Kyle v. Jordan, 196 Ala. 509, 71 So. 417; Jenkins v. Harrison, 66 Ala. 345. When such evidence is adduced to the satisfaction of the jury, the two papers become the contract. 27 Corpus Juris, 384 (477) gg.

In the instant case, no attempt was made to connect the two instruments by parol testimony, the plaintiff relying solely upon the terms of the two bonds introduced in evidence; and, as we have shown, the two are so inconsistent as not to become one contract without some other facts which do not appear in this record. Illinois Surety Co. v. Donaldson, 202 Ala. 183, 79 So. 667; Alabama, etc., Railroad Co. v. Nabors, 37 Ala. 489.

For the above reasons, we are of the opinion that the trial court was in error in giving the general affirmative charge in favor of the plaintiff, and for that same reason the judgment granting the motion for a new trial was without error. It follows, therefore, that the judgment of the circuit court is affirmed.

Affirmed.