WRIGHT, Presiding Judge.
The court, sitting without a jury, rendered judgment in favor of plaintiff for $3,375.00 after a suit on a written contract. Plaintiff appeals. We affirm.
Plaintiff brought suit for $7,991.02 due by written contract made on February 4, 1974.
The contract was a sales representative contract between plaintiff F. S. Goodrich Company and defendant Wolf Ridge Plastics, Inc. It appointed plaintiff the exclusive sales representative for defendant in certain designated territory. The contract provided for sales of all products manufactured by defendant. Specific commission percentages payable to plaintiff were provided on all sales according to the purchase order amount involved after deduction of freight and purchased parts.
According to the testimony, at the time of the contract with plaintiff, defendant manufactured plastic products used by various industries. It fabricated or built fiber glass products for sale and also manufactured and sold plastic liquids which were used or applied by the purchaser according to particular needs. In an effort to develop greater use of its products, subsequent to plaintiff’s contract, defendant began to enter contracts involving both sale of its products and installation or application. In other words, it both sold and serviced.
On or about November 5, 1973, plaintiff began negotiations with National South-wire Aluminum Company of Hawesville, *1391 Kentucky upon a contract. The contract was finally entered into by defendant and Southwire in March of 1974. It provided both products and service. The total amount was initially $47,872.00, including materials and labor. As work progressed it became necessary for defendant to replace its original labor sub-contractor and use its own personnel to provide the labor. There were various amendments to the contract with Southwire for additional labor and material until the final amount was some $91,000.00. The amount of materials in the final contract was approximately $36,-252.00. Defendant admitted that plaintiff was entitled to commission of ten percent on that amount, or $3,625.00. Admittedly, $1,162.62 of such amount was paid prior to suit.
Plaintiff insisted that it was due ten percent of the final amount of the contract, including both products and cost of installation. Defendant insists that the contract with plaintiff provided only commission on sales of products manufactured by it.
The issue on appeal is whether the judgment of the trial court is contrary to the evidence.
The court below stated in open court, as a preface to judgment, that its award represented ten percent commission on all materials that went into the total contract with Southwire plus one-half the cost of labor in the initial contract together with interest.
As we understand the argument of appellant, which is only one page in brief, the error of the court is in not awarding a commission of ten percent of the full amount of the last amended contract. There is no contention that the trial court erred in calculation using the formula stated.
Therefore, assuming the judgment based upon ten percent of the price of products included in the total contract together with ten percent of one-half the cost of labor in the original contract and interest to be mathematically correct, we find no palpable error.
It seems that the court must have construed the contract between plaintiff and defendant to entitle plaintiff to commissions only on the sale of the products manufactured by defendant. The trial court did not specifically state such to be its finding. However, its judgment so indicates. Why, in awarding damages, it went beyond ten percent commission on the sale price of products is not clear to this court, but plaintiff understandably does not complain of that.
The construction of a written contract is for the trier of fact. McClendon v. Eubanks, 249 Ala. 170, 30 So.2d 261; Dunlap v. Macke, 233 Ala. 297, 171 So. 721. Our examination of the contract indicates that it was a commission contract for the sale of defendant’s manufactured products. There is no indication that it covered the total amount of sales plus service contracts brought about through any effort of the plaintiff. The commission rate chart attached to the contract clearly stated that the purchase order amount less freight and purchased parts was the commissionable sale.
The judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.