ADAMS, Justice.
This is a landlord-tenant case wherein the tenant, Alex Kortrecht, appeals from a judgment based on a jury verdict awarding $12,150 to the landlord, Dorothy D. Trabits.
During the trial, Ms. Trabits testified to inheriting property located at 1954 Government Street in Mobile, Alabama. She further testified that Kortrecht and his partner Mr. Winn (now deceased) took possession of the property and began paying $300 rent per month pursuant to a written lease dated December 1, 1975. She stated, however, that although she attempted to obtain Kortrecht’s signature on the lease document on “three or four” occasions, Kor-trecht did not sign the lease, despite the fact that, she says, rent payments were made pursuant thereto. Mr. Winn, likewise, never signed the lease. Trabits also testified that Kortrecht signed an addendum to the lease that required him to make certain repairs, as well as a second lease in December 1977, which raised the rent to $475 per month.
Trabits stated that she subsequently sold the property for $87,000; however, she estimated that the property would have been worth $150,000 had Kortrecht completed all the repairs called for by the terms of the first lease. She further estimated that the *463 repairs would have cost approximately $10,000.
Kortrecht first argues that no contract existed between Trabits and himself in 1975, and, therefore, that the alleged lease agreement should not have been admitted into evidence. In support of his argument, Kortrecht cites City of Montgomery v. Maull, 344 So.2d 492 (Ala.1977), for the proposition that, absent a meeting of the minds, there is no contract. We note, however, that pursuant to § 8-9-2, Code of Alabama (1975), Kortrecht’s signature on the addendum made the agreement valid.
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
“(1) Every agreement which, by its terms, is not to be performed within one year from the making thereof[.]” (Emphasis added.)
§ 8-9-2, Code of Alabama (1975). The nature of an addendum is an addition to something already done. Therefore, when Kortrecht signed the addendum to the leáse, it was the same thing, for all practical purposes, as signing the lease itself.
Second, Kortrecht contends that a verdict in the amount of $12,500 could not have been reasonably reached by the methods explained by the judge during the jury charge. He argues that pursuant to those charges, one method of determining damages would have been to rely on the estimate provided by Ms. Trabits regarding the cost of repairs. She testified that the estimates she obtained for repairs totalled $10,000. The other alternative offered by the judge, he argues, was the difference between the value of the building without the repairs and improvements and the value of the building if those repairs had been made (i.e., $150,000 - $87,000 = $63,000). He claims that the jury was instructed to determine the damages and add a 20% attorney fee, as well as 6% per year interest. Kortrecht argues that if the jury followed this instruction, it must have determined the damages to be $7,500. Because this figure does not correspond to one of the figures above, he argues that the verdict cannot be allowed to stand. We disagree.
The amount of damages awarded by a jury is sometimes within the reasonable discretion of the jury. Feazell v. Campbell, 358 So.2d 1017 (Ala.1978). In this case, the jury could have looked at the various estimates provided by Trabits and determined that Kortrecht was not obligated to pay the full amount of some or all of the estimates.
Furthermore, the defendant seems to argue that the judgment should be reversed because the jury, following the court’s instructions, gave the plaintiff too little. This is an argument only the plaintiff can make. The plaintiff has not cross-appealed and, therefore, the defendant is obligated for a judgment that is less than the plaintiff may have been entitled to. Therefore, the damages award will not be disturbed.
The judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and STEAGALL, JJ., concur.