RICHARD L. HOLMES, Retired Appellate Judge.
Stanley Ray Martin (husband) and Vi L. Martin (wife) were divorced in April 1987. The divorce decree incorporated by reference the settlement agreement of the parties, which provided in pertinent part:
“12. REAL PROPERTY: The wife shall have the sole, exclusive, and absolute possession of the residence located at 2625 Whispering Pine, Montgomery, Alabama, with the following conditions and stipulations:
“(a) The wife shall be responsible for all mortgage payments on said residence and shall hold the husband harmless thereon. However, the subject property shall remain jointly owned by and between the parties.
“(b) Should the wife sell the residence or remarry, the husband shall be paid the sum of $7,500.00 for his equity in the residence.”
The husband remarried shortly after the parties were divorced. When the husband and his current wife decided to buy a house, the mortgage company advised the husband that he must have his name removed from the mortgage on the house located at 2625 WTiispering Pine in order to qualify for a loan for the house that he desired to purchase.
The husband testified that he contacted the wife to explain the situation to her and asked the wife if she would have a problem if his name were removed from the mortgage for the house located at 2625 Whispering Pine. He testified that he also asked her if she would be willing to take a quit-claim deed from him. Both the husband and the wife admitted that the payment of the $7,500 was never discussed during this conversation about the quit-claim deed.
Thereafter, the husband executed the quitclaim deed for the property located at 2625 Whispering Pine and had the deed recorded. The quit-claim deed which the husband executed provided, in pertinent part: “I do remise, release, quit-claim, and convey to the said [wife] all my right, title, interest, and claim in or to the following described real estate_” The quit-claim deed contained no reservation of the husband’s equity interest.
In 1994 the wife remarried and sold the house located at 2625 Whispering Pine. When the wife failed to pay the $7,500 to the husband, he filed a complaint, wherein he requested that the trial court issue an order compelling the wife to pay $7,500 to him. The wife filed an answer, wherein she denied that she owed $7,500 to the husband.
After a hearing the trial court found that when the husband executed the quit-claim deed, he gave up any interest that he had in the house located at 2625 Whispering Pine and was no longer entitled to received the $7,500.
The husband appeals.
In this ease the trial court was called upon to interpret the terms of a particular paragraph contained in the settlement agreement of the parties and to determine what effect, if *678 any, the quit-claim deed had upon the terms of their agreement.
We recognize that it was the duty of the trial court, as the trier of fact, to interpret and construe the terms of the parties’ written agreement. F.S. Goodrich Co. v. Wolf Ridge Plastics, Inc., 336 So.2d 1390 (Ala.Civ.App.1976).
The agreement clearly provides that the husband’s equity in the property was $7,500. Put another way, the value assigned to the husband’s interest in the property located at 2625 Whispering Pine was $7,500.
When the husband executed the quit-claim deed, he “remise[d], release[d], quit-claimed], and convey[ed] to the said [wife] all [his] right, title, interest, and claim in or to [the house located at %625 Whispering Pine}.” (Emphasis added.) Clearly, under the circumstances existing at the time of this lawsuit, the learned and distinguished trial judge did not err to reversal in construing the parties’ agreement as he did.
In light of the above, the judgment of the trial court must be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the Judges concur.