*1251
 
 MOORE, Judge.
 

 Cheryl Hickel Smith (“the former wife”) appeals from a summary judgment entered in favor of Lex Burr Smith (“the former husband”) declaring that the former husband had a right of Erst refusal in relation to the sale of the former marital home. We affirm.
 

 The following facts are not in dispute. The Tuscaloosa Circuit Court (“the trial court”) entered a judgment divorcing the parties on November 21, 2003. That judgment incorporated by reference “the Separation Agreement heretofore entered into by the parties, a signed copy of which is on file in this cause.” The record shows that, on the date the trial court entered the divorce judgment, two documents were filed with the trial court: (1) an “Agreement in Contemplation of Divorce” (“the agreement”) executed by the former wife on November 19, 2003, and executed by the former husband on November 20, 2003, and (2) a letter dated November 19, 2003, signed by the former wife (“the letter”). The agreement provided that the former wife “shall be vested with full legal title in and to [the marital home] and the [former husband] hereby agrees to execute a statutory warranty deed in favor of the [former wife] on even date with execution of this agreement.” The letter provided, in pertinent part:
 

 “This letter is meant as a memorandum to the written settlement agreement that I signed earlier today. I agree that you have the first right of refusal to buy the [marital home in] Tuscaloosa at the sales price of $130,000, in the event that I decide to sell it.”
 

 On November 21, 2003, a statutory warranty deed executed by the former husband on November 20, 2003, was also filed with the Tuscaloosa Probate Court (“the probate court”). That statutory warranty deed conveyed the former husband’s interest in the marital home to the former wife “subject to any and all easements, restrictions, covenants, or matters of record.”
 

 On October 6, 2004, the former husband filed a Chapter 7 voluntary bankruptcy petition in the United States Bankruptcy Court, Northern District of Alabama, Western Division (“the bankruptcy court”). In the petition, the former husband did not list any interest in the marital home in the schedules relating to real or personal property or in the schedule relating to executo-ry contracts. The former husband also did not disclose in the petition that he had been involved in the 2003 divorce action. On January 13, 2005, after the bankruptcy trustee attested that its diligent inquiry did not locate any assets owned by the former husband beyond those the former husband had declared exempt, the bankruptcy court entered its final discharge judgment, relieving the former husband of $62,309.60 in debts.
 

 In the fall of 2007, after learning that the former wife had listed the marital home for sale, the former husband contacted the former wife and informed the former wife that he wanted to purchase the marital home for $130,000 pursuant to the terms of the letter. The former wife refused to sell the former husband the marital home. On February 19, 2008, the former husband recorded the letter in the probate court. The former husband also filed a lis pendens regarding the marital home with the probate court. The former husband then filed a petition with the trial court seeking to enforce the terms of the letter.
 

 Following a convoluted procedural history, on January 23, 2009, the trial court entered a summary judgment in favor of the former husband finding that the letter was part of the settlement agreement between the parties that had been incorporated into the November 21, 2003, divorce
 
 *1252
 
 judgment. The trial court permanently-enjoined the former wife from selling the marital home in a manner inconsistent with the letter, which granted the former husband a right of first refusal to purchase the marital home for $130,000 in the event the former wife decided to sell it. The former wife filed her notice of appeal to this court on January 27, 2009.
 

 The former wife first argues that the trial court erred in denying her motion to strike the former husband’s affidavit testimony filed in support of his motion for a summary judgment. In that affidavit, the former husband attested, in pertinent part:
 

 “During the time that my former wife and I were negotiating a settlement in our original divorce case I did not want to give her the marital residence. The marital residence had belonged to my Mother and was the family home place. However, I also wanted my children to be able to remain in their home. My former wife and I agreed that I would convey the house to her if she would agree that I would have the right of first refusal to purchase the house from her if she decided to sell the house. We agreed that $130,000.00 would be a reasonable purchase price
 
 in the event that
 
 she decided to sell the house. My former wife wrote a letter confirming our agreement and the letter was filed with the Court along with [the agreement]. I signed a deed that had been prepared by my former wife’s attorney and my former wife and I then exchanged all personal property required to be exchanged by the Divorce [Judgment] and the case was concluded until she decided to sell the property to a third party in violation of the [Judgment].”
 

 At the trial-court level, the former wife argued that the former husband’s affidavit testimony violates the parol-evidence rule.
 
 See Walton v. Beverly Enters.-Alabama, Inc.,
 
 4 So.3d 537, 542 (Ala.Civ.App.2008) (quoting
 
 Able v. Gunter,
 
 174 Ala. 389, 393, 57 So. 464, 465 (1912)) (“ ‘[P]arol evidence of prior or contemporaneous verbal agreements varying or adding to the written contract is not admissible.’ ”).
 

 The former wife also argues that the trial court erred in not excluding the letter from evidence. The record does not contain a motion denominated as a “motion to strike” the letter, which leads the former husband to argue that the former wife waived any issue on appeal as to the admissibility of the letter.
 
 See R.J.L. v. Lee County Dep’t of Human Res.,
 
 976 So.2d 455 (Ala.Civ.App.2007). However, it is the substance of a motion, and not its denomination by a party, that governs the court’s interpretation of that motion.
 
 See Evans v. Waddell,
 
 689 So.2d 23, 26 (Ala.1997). The former wife consistently argued in her motions filed with the trial court that the letter should not be considered by the trial court based on the parol-evidence rule. The trial court ruled against the former wife by expressly considering the terms of the letter as part of the parties’ settlement agreement. Therefore, we decline to hold that the former wife has waived the issue, and we consider the former wife’s argument that the letter is inadmissible under the parol-evidence rule in tandem with her argument that the former husband’s affidavit testimony violates the parol-evidence rule.
 

 The former wife argues that the former husband did not reserve any right to the marital home in the four corners of the agreement. The agreement provides that the former wife shall obtain “full legal title” to the marital home and that the former husband shall execute a statutory warranty deed to the former wife. Paragraph 11 of the agreement further provides:
 

 
 *1253
 
 “Both parties accept these provisions in full and final settlement and satisfaction of all claims for property which one may have against the other. Furthermore,
 
 each party fully discharges the other from, all such property claims imless otherwise provided in this Agreement.
 
 Both parties acknowledge that the terms of this Agreement are fair, adequate, and satisfactory to them and that they have entered into this Agreement after due and deliberate consideration. Both parties accept these provisions in full and final settlement and satisfaction of all claims and demands of one against the other and fully discharge the other from all such claims and demands except as provided in this Agreement.”
 

 (Emphasis added.) The former wife argues that the affidavit testimony of the former husband and the terms of the letter vary or add to the terms of the agreement by granting the former husband a right of first refusal that, she asserts, is explicitly rejected in the agreement. Consequently, the former wife argues, the affidavit testimony and the letter should have been stricken as parol evidence.
 

 The former husband argues that the undisputed evidence shows that the letter is an addendum to the agreement, as proven by his affidavit testimony and the timing of the filing of the agreement with the trial court.
 
 See Kortrecht v. Trabits,
 
 549 So.2d 462, 463 (Ala.1989) (“The nature of an addendum is an addition to something already done. Therefore, when Kortrecht signed the addendum to the lease, it was the same thing, for all practical purposes, as signing the lease itself”). The former husband maintains that his affidavit testimony proves that, subsequent to the preparation of the agreement, but before the agreement was fully executed and submitted to the trial court, the parties agreed that the former husband would be entitled to the right of first refusal contained in the letter. The parties then filed both the agreement and the letter with the trial court within one minute of one another, with the letter actually being filed first. The former husband argues that his affidavit testimony proves that the letter is not extrinsic to the agreement but, rather, is actually part of the agreement, and, thus, he asserts, the trial court did not err in excluding his affidavit testimony or the letter.
 

 Alabama law has long held that two seemingly inconsistent documents may be considered together as one contract so long as the two writings contain internal evidence of their identity and unity as constituting a single transaction.
 
 See Fidelity & Cas. Co. of New York v. Raborn,
 
 27 Ala.App. 367, 173 So. 399 (1937).
 

 “While, as a general rule, when the memorandum consists of two or more writings, parol evidence is inadmissible to connect them, if such evidence has the effect of changing the terms of either of the writings, yet parol evidence of contemporaneous facts, and of the circumstances in which the parties were when the writings were signed, will be received to show their connection.
 
 Kyle v. Jordan,
 
 196 Ala. 509, 71 So. 417 [ (1916) ];
 
 Jenkins v. Harrison,
 
 66 Ala. 345 [ (1880) ]. When such evidence is adduced to the satisfaction of the jury, the two papers become the contract. 27 Corpus Juris, 384(477) gg.”
 

 Raborn,
 
 27 AlaApp. at 370, 173 So. at 402.
 

 In this case, the affidavit testimony of the former husband proves the connection between the letter and the agreement and further proves that the letter is part of the overall settlement agreement between the parties. As such, the affidavit testimony is not inadmissible under the parol-evidence rule as the former wife argues. Likewise,
 
 *1254
 
 the letter is not inadmissible under the parol-evidence rule because it has been proven to be part of a single, continuous transaction between the parties. Therefore, the trial court did not err in denying the former wife’s motion to strike the letter and the former husband’s affidavit testimony explaining the origin of the letter and its connection to the agreement.
 

 The former wife does not argue on appeal that she presented any conflicting evidence refuting the origin of the letter or its connection to the agreement. Hence, we must accept the facts as stated in the former husband’s affidavit as true. The letter is part of the settlement agreement between the parties.
 

 The former wife next argues that, by executing the statutory warranty deed, the former husband waived his right of first refusal. In
 
 Martin v. Martin,
 
 659 So.2d 676 (Ala.Civ.App.1995), the Martins entered into a property settlement pursuant to which Mrs. Martin received the “ ‘sole, exclusive, and absolute possession’ ” of the marital residence, but the marital residence “ ‘remained] jointly owned by and between the parties.’ ” 659 So.2d at 677. The property settlement further provided that “ ‘[s]hould [Mrs. Martin] sell the residence or remarry, [Mr. Martin] shall be paid the sum of $7,500.00 for his equity in the residence.’ ”
 
 Id.
 
 Not long after the divorce judgment was entered, Mr. Martin executed a quitclaim deed to Mrs. Martin in order to have his name removed from the mortgage on the marital residence so that he could obtain a mortgage on his new home.
 
 Id.
 
 Mr. Martin did not reserve his equity interest in the marital residence in the quitclaim deed.
 
 Id.
 
 Mrs. Martin later sold the marital residence and refused to pay Mr. Martin the $7,500.
 
 Id.
 
 The trial court entered a judgment for Mrs. Martin, and, on appeal, this court affirmed the judgment, holding that Mr. Martin had released his equity interest in the marital residence in the quitclaim deed. 659 So.2d at 677-78.
 

 The former wife argues that, under
 
 Martin
 
 and the doctrine of merger, the former husband released his right of first refusal by failing to reserve that right in the statutory warranty deed.
 

 “Under the doctrine of ‘merger,’ ordinarily, in the absence of fraud or mistake, when a contract to sell and convey real estate has been consummated by the execution and delivery of a deed, ... the preliminary contract becomes func-tus officio, and the deed becomes a sole memorial of the agreement, and upon it the rights of the parties rest; but the doctrine may be inapplicable to cases in which stipulations of the preliminary contract, instead of becoming merged in the deed, are incorporated therein and thus survive to confer independent causes of action, and in such instances the intentions of the parties is of paramount importance.”
 

 Russell v. Mullis,
 
 479 So.2d 727, 780 (Ala.1985) (citing
 
 Alger-Sullivan Lumber Co. v. Union Trust Co.,
 
 207 Ala. 138, 92 So. 254 (1922), and
 
 Roberts v. Peoples Bank & Trust Co.,
 
 410 So.2d 398 (Ala.1982)).
 

 The former husband points out that, in the statutory warranty deed, he conveyed all of his interest in the marital home to the former wife “subject to any and all easements, restrictions, covenants, or matters of record.” The former husband argues that his right of first refusal is a “restriction” on the former wife’s property interest because she cannot sell the marital home without first offering the home for sale to the former husband for $130,000. Thus, the former husband argues, the right of first refusal was not merged into the deed but, instead, was incorporated into it and survived to confer
 
 *1255
 
 upon him an independent cause of action for its enforcement.
 

 In
 
 Starr v. Wilson,
 
 11 So.8d 846 (Ala.Civ.App.2008), this court held that “[a] preemptive right of first refusal ... is properly viewed as an independent and collateral agreement” that is not merged into a deed. 11 So.3d at 855 (citing
 
 Stoneburner v. Fletcher,
 
 408 N.E.2d 545, 549 (Ind.Ct.App.1980) (preemptive right to purchase adjoining lot survived conveyance of principal property);
 
 Landa v. Century 21 Simmons & Co.,
 
 287 Va. 374, 384, 377 S.E.2d 416, 421 (1989) (right of first refusal as to particular tract in contract to convey other tract “remained executory and survived the deed”); and
 
 Winberg v. Cimfel,
 
 248 Neb. 71, 79, 532 N.W.2d 35, 40-41 (1995)). Hence, we need not decide whether the former husband’s right of first refusal is a “restriction” within the meaning of the statutory warranty deed. Even if it is not a “restriction,” under our holding in
 
 Starr,
 
 the right of first refusal survived the execution of the statutory warranty deed as an independent and collateral executory contractual right.
 

 For the same reason, we find
 
 Martin
 
 inapplicable. In
 
 Martin,
 
 Mr. Martin retained his joint ownership of the marital residence as well as a $7,500 interest in the equity in the marital residence per the terms of the divorce judgment. However, he later quitclaimed all of his interest in the marital residence to Mrs. Martin. As both parties in this case correctly argue, all Mr. Martin’s claims to the property merged into the quitclaim deed because they were not independent and collateral rights. Thus, by releasing all of his interest in the marital residence without reserving his equity interest, Mr. Martin necessarily released that interest. Unlike in
 
 Martin,
 
 the former husband in this ease held an independent and collateral right of first refusal that did not merge into the statutory warranty deed. By executing the statutory warranty deed, the former husband did not impliedly sacrifice his right of first refusal.
 

 The former wife last argues that the doctrine of judicial estoppel prevents the former husband from enforcing the right of first refusal. It is undisputed that the former husband did not list the right of first refusal on any of his property schedules when he filed for bankruptcy in 2004. The former husband attested in his affidavit:
 

 “Approximately a year after the divorce was filed it became necessary for me to file Chapter 7 bankruptcy. I retained Eric Wilson of Bums & Wilson to represent me in the bankruptcy case. I met with Mr. Wilson and provided the information that he needed to fill out the paperwork. During my meeting with Mr. Wilson we discussed the divorce and the transfer of the house along with my right to buy it if my former wife decided to sell.
 

 “After the Chapter 7 case was filed, I attended a meeting with the Trustee and others. During that meeting, the Trustee asked if I had sold, given away or transferred any real property in the past few years. I told him about the house and what happened with the divorce. The Trustee took down the information and we finished with the meeting. A couple of months later I received a Discharge Order from the Court.”
 

 The bankruptcy attorney for the former husband filed an affidavit in which he stated:
 

 “In the [former husband’s] case, as in all of my cases, I met with [the former husband] and obtained the information necessary to advise him and prepare the Bankruptcy Petition. During my meeting with [the former husband], I learned that he was divorced and that, pursuant
 
 *1256
 
 to the divorce decree, [the former husband] had conveyed his interest in the marital residence to his former wife. I also learned that, pursuant to the divorce decree, [the former husband] was given the option to purchase the marital residence from his former wife for $130,000.00 if she decided to sell the house. In preparing the Bankruptcy Petition, I determined that [the former husband] did not, in fact, have an ownership interest in the property that had been conveyed to his former wife. I made that decision based on the fact that he had conveyed his interest in the property and that, at most, he had a right to buy the property back at an unspecified future date if [the former wife] decided to sell the property but that he did not have any right to force the sale of the property. I also determined that the right to purchase the property at some future, unspecified date if [the former wife] decided to sell the house did not have any current value. My decision was based on the fact that [the former husband] did not have the right to force the sale of the property and the fact that there was no definite date on which the property would be sold such as the date the youngest child reaches the age of majority. Because the right did not have any value, it was not necessary to list it as an asset in [the former husband’s] Bankruptcy Schedules.
 

 “I chose not to schedule the option as an executory contract for the simple reason that [the former husband] did not have the right to force [the former wife] to sell the property. While he had the right of first refusal, he could not require [the former wife] to sell the property if she chose not to sell. I did not list anything under the provision requiring the listing of alimony, maintenance, support and property settlement because all provisions of the Divorce Decree had been completed. All personal property had been transferred and [the former husband] had conveyed his interest in the marital residence to [the former wife]. Furthermore, the option to purchase had been put in place and there was no further division of property until and unless [the former wife] decided to sell the marital residence.
 

 “During the Section 341 meeting of creditors, [the former husband] disclosed to the Bankruptcy Trustee and all others present the fact that he had conveyed his interest in the marital residence to his former wife pursuant to the divorce decree. Following the Section 341 meeting of creditors, the case proceeded as usual and [the former husband] subsequently received a discharge pursuant to 11 U.S.C[.], § 727.”
 

 The former wife moved to strike the affidavits, but the trial court denied her motions. The former wife does not argue on appeal that the trial court erred in failing to strike the affidavits, so we consider them in full.
 

 The affidavits do not alter the undisputed fact that the former husband did not list his right of first refusal in his bankruptcy schedules. At best, the affidavits merely explain why he did not. For our purposes, we need not consider whether the reasons given constitute legally sufficient grounds for not listing a right of first refusal on a bankruptcy property schedule. We need only consider whether that failure judicially estops the former husband from asserting his right in a postdivorce enforcement proceeding.
 

 In
 
 Ex parte First Alabama Bank,
 
 883 So.2d 1236 (Ala.2003), our supreme court held that judicial estoppel applies when: (1) a party takes a position in a later judicial proceeding that is clearly inconsis
 
 *1257
 
 tent with its earlier position; (2) the party was successful in the prior proceeding so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. 883 So.2d at 1244-45.
 

 Assuming, without deciding, that the first and third elements of judicial estoppel have been met, we find that the summary judgment was appropriate because the former husband presented evidence negating the second element of the judicial-estoppel defense.
 
 See Ex parte General Motors Corp.,
 
 769 So.2d 903, 909 (Ala.1999) (holding that, when burden of proof is on nonmovant at trial, the movant may obtain a summary judgment by negating an essential element of the nonmov-ant’s claim or by showing that the nonmov-ant’s evidence is insufficient to establish an element of the nonmovant’s claim). The former husband proved that, at the time of his bankruptcy proceeding, he held a right of first refusal that gave him the right to purchase the marital home for $130,000 should the former wife decide to sell it. The right of first refusal did not bestow upon the former husband the power to force a sale. At the time of the bankruptcy proceeding, the former wife had not decided to sell the marital home. That contingency did not occur until the fall of 2007, at which point the right of first refusal transformed into an option.
 
 See Gleason v. Norwest Mortgage, Inc.,
 
 243 F.3d 130, 139 (3d Cir.2001). An “option” is a contract by which the owner of property agrees with another that he shall have the right to buy the property at a fixed price within a certain time.
 
 See Holk v. Snider,
 
 294 Ala. 318, 321, 316 So.2d 675, 677 (1975). Although the option had monetary value as of the time of these proceedings, i.e., the difference between the market value of the marital home and $130,000, as the former husband’s bankruptcy attorney testified without contradiction, at the time of the bankruptcy proceeding it did not. Because the right of first refusal had no monetary value, it could not have been liquidated and used to satisfy any creditor claims in the former husband’s bankruptcy proceeding. Thus, by listing the right of first refusal in his bankruptcy schedules, the value of the property in the estate would not have changed and the bankruptcy discharge conditions would have been the same.
 

 In her appellate briefs to this court, the former wife does not offer any evidence or argument as to how the bankruptcy court may have been misled because of the failure of the former husband to list the right of first refusal in his bankruptcy schedules. Consequently, we must consider the former husband’s evidence and arguments on this point to be uncontradicted.
 

 “Our standard of review in a summary judgment case is well settled. The summary judgment was proper if there was no genuine issue of material fact and [the movants] were entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. [The movants] had the burden to make a prima facie showing that no genuine issue of material fact existed and that they were entitled to a judgment as a matter of law.
 
 Long v. Jefferson Cty.,
 
 623 So.2d 1130, 1132 (Ala.1993). If [the movants] made that showing, then the burden shifted to [the non-movant] to present evidence creating a genuine issue of material fact so as to avoid the entry of a judgment against [the nonmovant].
 
 Id.
 
 In deciding whether there was a genuine issue of material fact, we view the evidence in the light most favorable to the nonmovant and
 
 *1258
 
 resolve all reasonable doubts against the movant.
 
 Id.
 
 The applicable standard of review is the ‘substantial evidence’ rule. § 12-21-12, Ala.Code 1975. ‘Substantial evidence’ is defined as ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989).”
 

 Duckett v. Wilson Hotel Mgmt. Co.,
 
 669 So.2d 977, 978 (Ala.Civ.App.1995). Based on the foregoing standard of review, we hold that the trial court did not err in entering a summary judgment in favor of the former husband. We therefore affirm the summary judgment.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.